# Morris *against* The Delaware and Schuylkill Canal.

The Arbitration Act of 16th of June 1836, does not repeal the provisions of the Act of 22d of March 1817, by which corporations appellant are required to give bail.

Under the Act of 22d of March 1817, corporations appealing from an award of arbitrators must give absolute bail.

THIS was an action of covenant brought by Richard Morris to the use of William Stephens against The President and Managers and Company of the Delaware and Schuylkill Canal. The cause was arbitrated, and an award was rendered in favour of the plaintiff, from which the defendants appealed without giving bail. A rule to set aside the appeal, with leave to take out execution, was argued by

*T. I. Wharton,* for the defendants, who referred to the Act of 1809, and Act of 20th of March 1810, sect. 11, 14, (5 *Sm. L.* 135); 2 *Binn.* 264; 5 *Ib.* 508; Act 22d of March 1817, sect. 4; Act 16th of June 1836, sect. 27.

*St. George Campbell, contra,* referred to 8 *Serg. & Rawle* 517; 9 *Ib.* 227; Acts 22d of March 1817 and 16th of June 1836.

The opinion of the Court was delivered by

SERGEANT, J.—The provision in the 4th section of the Act of 22d of March 1817, that when any corporation shall be sued and shall appeal or take a writ of error, the bail shall be absolute for the payment of debt, interest and costs, on affirmance of the judgment, has in practice been considered as extending to all appeals by corporations of every description, and there is nothing in the Act by which appeals from awards of arbitrators can be excepted. Indeed the 5th section seems to imply that all suits in which corporations are parties are on the same footing, whether before a magistrate or in court.

We see no ground for holding that this provision of the Act of 22d of March 1817, is repealed by the new arbitration Act, passed the 16th of June 1836. There is no repealing clause in the latter Act, nor can it be construed a constructive repeal, since there is no provision in it on the subject of appeals by corporations, and therefore there is no enactment contrary to the prior law, but both may well subsist together.

Rule absolute.