## Beers *against* West Branch Bank.

Since the passage of the Act of 12th July 1842, abolishing imprisonment for debt, appeals from award of arbitrators are to be entered without any sort of bail.

ERROR to the Common Pleas of *Lycoming* county.

This was an action of debt on a note by the West Branch Bank against John D. Beers and others. The cause was referred to arbitrators, who made an award for the plaintiffs for $1044.67; from which the defendants appealed, and entered into recognizance with security. The appeal was entered on the 13th September 1842. Subsequently, on the 4th October 1843, the bail took out a bail-piece, and arrested and imprisoned the defendants, and they were discharged upon *habeas corpus*, by virtue of the Act of 12th July 1842 abolishing imprisonment for debt. The plaintiff then obtained a rule to show cause why the appeal should not be dismissed, and the court made the rule absolute on the ground that the defendants had suffered a term to elapse without perfecting their bail.

*Maynard*, for plaintiff in error.
*Armstrong*, for defendant in error.

PER CURIAM.—When the Legislature abolished imprisonment for debt in all but a few excepted cases, it virtually abolished special bail in all but those cases, and, consequently, every recognizance with condition to surrender the body. The courts are not authorized to substitute anything for it, and the great constitutional right of trial by jury is not to be clogged without an explicit declaration of the legislative will, constitutionally expressed. Appeals from awards of arbitrators, therefore, are to be had without any sort of bail whatever.

Order to quash reversed, appeal reinstated, and *procedendo* awarded.