Judgment reversed, and a <em>venire de novo</em> awarded.

---

SHUFF <em>v.</em> MORGAN.

Under the act of 1845, plaintiff is not entitled to a *per diem* allowance on appeal from an award before a justice of the peace.

A recognisance on appeal from an award conditioned to pay costs, "with $1 per day for each and every day that shall be lost by the defendant in attending to such appeal," is void under the act of 1845, for the *per diem* allowance is not there mentioned, and the act of 1836 is thereby supplied.

In error from the Common Pleas of Fayette.

*Nov.* 2.   The defendant appealed from a judgment of a justice in trover.   The cause was arbitrated, under a rule of court, and in August, 1845, an award for defendant.   A recognisance was then entered into by one Stemm, conditioned, in the event of a judgment for defendant, that plaintiff would pay all costs, " with.

L 2

one dollar for each and every day that shall be lost by said defendant in attending to such appeal." The cause was again arbitrated, by agreement, and award for defendant.

The court allowed plaintiff "$9 for his daily pay," in his bill of costs, which the prothonotary had disallowed, for which judgment was entered. Whereupon this writ of error was sued out.

(Note.—The plaintiff did not join in the recognisance, nor was there any action taken upon it, so far as appeared from the paper book.)

*Patterson*, for plaintiff in error.

*Deford*, contrà.

*Nov*. 9. PER CURIAM.—The recognisance in this case was framed on the 30th section of the act of the 16th June, 1836 ; and it is void, because that section, being superseded by the first section of the act of the 20th March, 1845, was not in force during the pendency of this action. The latter section provides that in lieu of the bail theretofore required on appeals from judgments of justices and awards of arbitrators, the bail shall be absolute in double the probable amount of costs, accrued or likely to accrue, with one or more sureties, "conditioned for the payment of all costs, accrued, or that may be legally recovered in such cases against the appellants." Not a word in this about payment of a daily allowance for prosecuting or defending the suit. In order to obtain his appeal, the plaintiff was driven to harder terms than the law allowed to be exacted, and the recognisance was void.

> Order of the court reversed, and taxation of the prothonotary affirmed.