## Rice versus Constein.

1. One of the conditions precedent to a valid appeal from an award of arbitrators, is the actual payment of the costs within the twenty days allowed by the Act of Assembly.

2. A record was in these words: " March 18th 1878, defendant appeared, made oath, paid costs to prothonotary, to wit, $43.23, and entered into recognisance. Same day affidavit and recognisance filed with prothonotary." Held, that it could not be shown by extraneous evidence that the payment was by check. Held further; that the check having been paid within the twenty days, the appeal was valid.

3. Richter v. Cummings, 1 Leg. Chron. 52 ; Walker v. Graham, 24 P. F. Smith 35; Carr v. McGovern, 16 Id. 457 ; Ellison v. Buckley, 6 Wright 281, distinguished.

March 19th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of Schuylkill county : Of January Term 1879, No. 85.

This was a capias sur slander by H. J. Constein against Moses Rice. A rule to arbitrate was taken by plaintiff, and on February 28th 1878, an award was filed finding for plaintiff in the sum of $100.

The record showed that on the " 18th of March 1878, defendant appealed, made oath, paid costs to prothonotary Kerns, to wit, $43.23, and entered into recognisance. Same day' affidavit and recognisance filed with prothonotary."

On March 26th 1878, William A. Marr filed an affidavit, setting

[Rice *v.* Constein.]

forth that the costs, to wit, $43.23, had not been paid in money, but by the check of the defendant, drawn upon the Ashland National Bank. A rule was granted to show cause why the appeal should not be stricken off. It was agreed that the check given by defendant to the prothonotary was deposited in bank in Pottsville, and presented by the Philadelphia and Reading Express, at the counter of the Citizens' National Bank of Ashland, on the 20th day of March 1878, and on that day was paid by the bank to the agent of the express company. That the prothonotary gave the check to one Moses Hirshler, and told said Hirshler to give the prothonotary credit for it, but the prothonotary received no money for said check. That the prothonotary had no knowledge of the payment of said check by the bank upon which it was given. It was further agreed that the check was given to said express company by the bank in Pottsville for collection, and that the same was collected by the express company on the day aforesaid.

The court, Walker, A. L. J., made the rule absolute, in an opinion, saying:

"The depositions in this case show that the costs of the appeal were paid on the 18th March 1878, by a check and not in cash. Such payment by all the authorities is held to be invalid: Richter *v.* Cummings, 1 Leg. Chron. 49; Ellison *v.* Buckley, 6 Wright 283; Carr *v.* McGovern, 16 P. F. Smith 457; Walker *v.* Graham, 24 P. F. Smith 35. This is also in accordance with the decision made by this court in Hoopes & Co. *v.* Breisch, Hale & Co., No. 1286, June Term 1875, and filed on the 3d July 1876."

On the 29th April 1878, the affidavit of the defendant was presented and filed, setting forth that the check which had been given to prothonotary Kerns, for the costs, had been paid by the defendant on the 20th day of March 1878, and within the twenty days allowed by law to enter an appeal. The court ordered a re-argument of the case. No depositions were taken, but the facts as above were agreed upon in writing, signed by both parties, and filed. The case was re-argued, and the rule to strike off the appeal was again made absolute, Bechtel, A. L. J., dissenting. The defendant assigned this action of the court for error.

*M. M. L' Velle* and *D. B. Green*, for plaintiff in error.—The check was paid within twenty days, and the requirements of the statutes were complied with: Richter *v.* Cummings, 1 Leg. Chron. 52. The record showed payment, and it could not be contradicted by parol evidence: Selin *v.* Snyder, 7 S. & R. 172; Clark *v.* McCommon, 7 W. & S. 470; Vanhorn *v.* Frick, 3 S. & R. 278; Harvey *v.* Thomas, 10 Watts 67.

*William A. Marr*, for defendant in error.—The appeal was not valid because the costs were not actually paid in cash: Ellison et

al. *v.* Buckley, 6 Wright 281; Dimes Savings Institution *v.* Allentown Bank, 15 P. F. Smith 125. It does not contradict the record to show how the costs were paid: Carr *v.* McGovern, 16 P. F. Smith 458; Walker et al. *v.* Graham, 24 Id. 35; Richter *v.* Cummings, 1 Leg. Chron. 52.

Mr. Justice STERRETT delivered the opinion of the court March 31st 1879.

One of the conditions precedent to a valid appeal from an award of arbitrators is the payment of costs within the twenty days allowed by the act; and it has been repeatedly held that actual payment is required. Payment by check, as in Richter *v.* Cummings, 1 Leg. Chron. 52, or by draft, as in Walker *v.* Graham, 24 P. F. Smith 35, or by charging them to appellant's attorney, as in Carr *v.* McGovern, 16 P. F. Smith 457, is not payment within the meaning of the act. In these cases, it was shown by the record that the costs were not actually paid in money; and, in Ellison *v.* Buckley, 6 Wright 281, the record failed to show payment in any manner. It was unnecessary therefore to resort to evidence *dehors* the record to show non-compliance with the act. The fact was apparent on its face. In the present case, however, it appears by the record that the provisions of the act were fully complied with. The entry is: "March 18th 1878, defendant appealed, made oath, paid costs to Prothonotary Kerns, to wit, $43.23, and entered into recognisance. Same day affidavit and recognisance filed with prothonotary." In the deposition presented to the court below, it is stated that the word *check* appears in connection with the entry of the amount paid on the docket. It was conceded that the witness referred to the prothonotary's private cash-book, and not to the court docket or record. The entry on the latter reads as above quoted. It thus appeared affirmatively that the costs had been actually paid to the prothonotary, and all other requirements of the act complied with. It was only by going outside of the record that the court could be informed that a check had been given to the prothonotary, in lieu of money, on the day the oath and recognisance were filed. In theory, the record imports absolute verity, and, as a general rule, it should be so regarded in practice. It is not on every occasion that resort should be permitted to affidavits and depositions to contradict the record or explain it away. When it is lost, or destroyed or error has intervened, and the due administration of justice requires that it should be supplied, amended or reformed, it can and should be done in the appropriate and orderly way. In this case there was no necessity for resorting to extraneous evidence, the only effect of which could be to relieve the prothonotary and deprive the appellant of a trial by jury. There was clear record evidence of compliance with the requirements of the act, and this should have been considered conclusive of the fact. There was nothing in

[Rice *v.* Constein.]

the circumstances of the case to call for any other course of action. The prothonotary, by his own entry, was fixed for the costs and had no just claim to relief; nor was he asking any. He was bound to pay them, on demand, to the party entitled thereto: and the rights of the appellee could not, in any manner, be prejudiced.

But, aside from this view of the case, there is another ground on which the appeal should have been sustained. While it appears from the testimony that a check was given to the prothonotary for the costs, it was also shown that they were actually paid in cash within the twenty days. In this respect also, the case is distinguishable from those above cited.

> The order of court, striking off the appeal, is reversed and set aside, and the appeal reinstated.

Justices GORDON, PAXSON and WOODWARD, dissented.