## Ira H. Burns v. Cornelius Smith and John G. Jennings, Appellants.

*Arbitration—Striking off award—Regularity of proceedings.*

An award of arbitrators will not be stricken off where the statement in the case sets up a sufficient cause of action, and it is not made to appear that there was any irregularity in the proceeding or misconduct on the part of the arbitrators.

*Arbitration—Appeal from award—Payments of cost by check.*

While it has been rigidly held that actual payment is required of all taxed costs within twenty days as a condition precedent to a valid appeal from an award of arbitrators, and that payment by check, draft or note, or charge to the appellant's attorney is not a payment within the meaning of the act, yet there was formerly much more reason for the rule that payment should not be made by check than there is now when the use of checks as a means of payment has become almost universal; and the striking off or refusing to allow an appeal will not be sustained for a mere technical default, but only for a substantial failure of payment.

Four days after an award of arbitrators was filed, the defendant gave the prothonotary a check drawn on a bank near the prothonotary's office for the costs as taxed, and on the same day took an appeal. The prothonotary knew that the check was good. His docket showed that "defendant by check pays costs." The prothonotary retained the check until after the expiration of twenty days from the filing of the award. The court struck off the appeal because the costs had not been paid within the time required by law. *Held*, that this was not fair dealing; it was not just, and the appeal must be reinstated.

Argued Feb. 23, 1897. Appeal, No. 358, Jan. T., 1896, by defendants, from order of C. P. Lackawanna Co., Sept. T., 1895, No. 781, striking off appeal. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Appeal from award of arbitrators.　Before EDWARDS, J.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* among others were (1) in striking off the
appeal; (4) in not striking off the award.

*James Mahon*, with him *A. H. McCollum* and *C. Smith*, for
appellant.—The giving of the check to the prothonotary was a
payment of the costs: Bancroft v. Ashhurst, 2 Grant, 520;
Reese River Silver Mining Co. v. Smith, L. R., 4 H. of L. 73;
Upton v. Englehart, 3 Dill. 496; Dicey on Parties to Actions,
30.

The prothonotary by an entry in his docket that the costs
were paid became fixed for the costs: Peck v. U.S., 102 U. S.
64; Fleming v. Gilbert, 3 John. 528; Skinner v. White, 17
John. 357; Swan v. North British Co., 32 L. J. Ex. 273; Com.
v. Moltz, 10 Pa. 530; Chapman v. Chapman, 59 Pa. 219; 1
Story Eq. Jurs., sec. 187; Coble v. Nonemaker, 78 Pa. 501;
Foulk v. McFarlane, 1 W. & S. 297; Gilbert v. Hoffman, 2
Watts, 67; McCulloch v. Cowher, 5 W. & S. 427; Adams v.
Gay, 19 Vt. 358; Atlas Bank v. Nahant Bank, 3 Met. 581;
Tracy v. Talmage, 4 Kern. 162; Smith v. Bromley, 2 Doug.
695; Smith v. Cuff, 6 M. & S. 160; Horton v. Riley, 11 M.
& W. 492; Fox v. Cash, 11 Pa. 211; Wright v. Pipe Line
Co., 101 Pa. 206; Hipple v. Rice, 28 Pa. 406; Catts v. Phalen,
2 How. 377; 1 Story Eq. Jur., sec. 256; Squire's App. 70 Pa.
566; Brooks v. Martin, 2 Wall. 70; Beck v. Uhrich, 13 Pa.
639; Mundorff v. Wickersham, 63 Pa. 87; Hughes v. Bank,
110 Pa. 431; Broom's Max., 632; Hovel v. Pack, 7 East, 164;
Coleman v. Stark, 1 Oregon, 115; Sheriff v. Neal, 6 Watts,
540; Boynton v. Housler, 73 Pa. 453.

As an appeal may be taken at any time during the twenty
days, and as it is sufficient to pay the costs before the expira-
tion of the twenty days, the forfeiture of the right of appeal is
dependent upon a condition subsequent.　While a forfeiture
resting upon a condition precedent will not be relieved against
(Barnet v. Turnpike Co., 15 Vt. 757; Bank v. Smith, 3 Gill.
and John. 265; Wells v. Smith, 2 ed. Ch. 78.), equity will relieve
against a forfeiture resting upon a condition subsequent, when-
ever the injury inflicted by the breach of such condition is sus-

ceptible of being compensated in damages : Giddings v. Ins. Co., 22 Albany Law Jour. 455 ; Hackett v. Alcock, 1 Call, 533 ; Walker v. Wheeler, 2 Conn. 299 ; Bowen v. Bowen, 20 Conn. 127 ; Hart v. Homiller, 20 Pa. 248 ; Orr v. Churchill, 1 H. Bl. 227 ; Atkins v. Chilson, 11 Met. 112 ; Sanborn v. Woodman, 5 Cush. 36 ; Stone v. Ellis, 9 Cush. 95 ; R. R. v. Casey, 1 Grant, 274.

*Everett Warren,* with him *O'Brien & Kelly* and *J. Alton Davis,* for appellee, cited as to setting aside the award, Wilcox v. Payne, 88 Pa. 154 ; Morgan's App., 110 Pa. 275 ; Com. v. La Fitte, 2 S. & R. 105 ; Thompson v. White, 4 S. & R. 134 ; Taggart v. McGinn, 14 Pa. 155 ; Chapman v. Calder, 14 Pa. 368 ; Com. v. Culver, 2 P. L. J. 362 ; Com. v. Godshalk & Weaver, 34 L. I. 322 ; McLaughlin v. Cowley, 131 Mass. 70 ; McLaughlin v. Cowley, 127 Mass. 316. As to striking off the appeal, Ellison v. Buckley, 42 Pa. 281 ; Carr v. McGovern, 66 Pa. 457 ; Walker v. Graham, 74 Pa. 35 ; Schneider v. N. Y., etc., Coal Co., 98 Pa. 470 ; Rice v. Constein, 89 Pa. 477.

OPINION BY MR. JUSTICE FELL, April 12, 1897 :

The assignments of error which relate to the action of the court in refusing to strike off the award of arbitrators must be overruled. On the hearing of the rule it was not made to appear that there was any irregularity in the proceeding or misconduct on the part of the arbitrators. The statement set up a sufficient cause of action, and whether the publication was privileged was properly left to be determined at the trial. The first and second assignments relate to the order striking off the appeal from the award of the arbitrators. The award, which was for $15,000, was filed September 19, 1895, and on September 23, the defendants appealed and one of them gave the prothonotary his check for the costs. This check was known by the prothonotary to be good. He accepted it in payment of the costs without question or objection, and indorsed it, but failed to present it for payment or to deposit it for collection. He retained it in his possession without notice to the defendants, until October 14, when the time within which the appeal could be perfected by the payment of the costs in money had passed. A clerk who was not without interest in the proceedings, entered upon the

records of the office, with the knowledge of the prothonotary, " C. Smith, by check, pays costs." The rule to strike off the appeal was based upon this entry, and the fact that the money had not been actually received by the prothonotary within the twenty days allowed for an appeal. Had the entry been simply " Costs paid," or had the check been cashed within the time, there would have been no ground for the application to strike off the appeal.

The payment of all taxed costs within twenty days is a condition precedent to a valid appeal from an award of arbitrators, and it has been rigidly held that actual payment is required, and that payment by check, or draft, or note, or by charge to the appellant's attorney is not payment within the meaning of the act: Rice v. Constein, 89 Pa. 477. The rule is based upon the reason stated in Ellison v. Buckley, 42 Pa. 281, that the prothonotary should not be permitted by accepting a note or a promise to pay to substitute his own responsibility for actual payment. A payment by check, however, which was itself actually paid within the twenty days, was said in Rice v. Constein, supra, to be a valid payment. There was formerly much more reason for the rule that payment should not be made by check than there is now, when the use of checks as a means of payment has become almost universal. When the check has been paid within the twenty days there has been an actual payment within the period fixed. Referring to the decisions on the subject, it was said by MITCHELL, J., in the opinion in Schrenkeisen v. Kishbaugh, 162 Pa. 45 : " But none of these cases, nor the reasons on which they are founded, require anything more than actual payment. They sustain the striking off or the refusal to allow an appeal, not for mere technical default, but for substantial failure of payment."

If the check had been dishonored, or tendered and accepted too late for collection within the limit of time fixed for an appeal, there would have been under our cases a failure of payment through the default of the defendants. But their default was technical merely, and the failure of actual payment was due to the conduct of others which they had no reason to anticipate. Sixteen days before the expiration of the time the defendants gave a check in payment of all the costs then taxed. They had every reason to suppose that this check, which was drawn on a

bank within a short distance of the prothonotary's office, would be presented for payment in the ordinary course of business. They confidently believed it had been presented and that they were secure in their right of appeal. It was the duty of the prothonotary to present it, or return it, or notify them and give them an opportunity to pay in money. Instead of doing this he waited until his failure to receive the money within twenty days, in connection with the entry on his docket showing that the costs had been paid by check, placed the defendants in apparent default. This was not fair dealing; it was not just, and there is no rule by which we feel constrained to sanction it.

The order of the court striking off the appeal is reversed and set aside, the appeal is reinstated, and the record is remitted for further proceedings.