# Carpenter v. Hutchison, Appellant.

*Appeals—Awards of arbitrators—Bail—Statutes—Repeal—Acts of March 21, 1849, P. L. 216; March 20, 1845, Section 1, P. L. 188; April 25, 1850, P. L. 569; May 19, 1897, P. L. 67—Foreign corporations.*

1. Repeal of statutes by implication is not favored and unless done in express terms, the presumption is always against an intention to repeal. A presumption to repeal an earlier by a later statute can only arise when the two statutes are irreconcilable, or the intention is clearly expressed. There must be a clear repugnancy between the two statutes to justify the court in declaring that the one repeals the other.

2. The 12th section of the Act of April 25, 1850, P. L. 569, construing the Act of March 20, 1845, P. L. 188, which provides that in appeals from awards of arbitrators the appellant shall give bail for the costs only, does not repeal the Act of March 21, 1849, P. L. 216, providing that in appeals by foreign corporations in actions brought in a court of record, the bail shall be for the debt, interest and costs. The Acts of 1845 and 1850 apply exclusively to appeals by domestic corporations.

3. The Act of May 19, 1897, P. L. 67, repealed only so much of the Act of 1849 as relates to writs of error and appeals taken to the Supreme and Superior Courts. It does not affect the Act of 1849 in so far as it relates to appeals to the Court of Common Pleas from the awards of arbitrators.

4. In an action to recover from sureties the amount of a bond given by a foreign corporation to secure the payment of debt, interest and costs on an appeal to the Court of Common Pleas from an award of arbitrators, the affidavit of defense alleged that the bond was illegal in that it was taken for the debt, interest and

costs whereas it should have been taken for the costs only. The court made absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense. *Held,* no error.

Argued Oct. 20, 1913. Appeal, No. 4, Oct. 7, 1913, from judgment of C. P. Allegheny Co., April T., 1912, No. 263, for plaintiffs, on rule for judgment for want of a sufficient affidavit of defense in case of D. P. Carpenter *v.* Alvin E. Hutchison, H. J. McAvoy and Edward G. Steinert. Before FELL, C. J., MESTREZAT, POTTER, STEW-ART and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover from sureties the amount of a bond given by a corporation to secure debt, interest and costs on appeal from award of arbitrators.

Rule for judgment for want of a sufficient affidavit of defense. Before BROWN, J.

The opinion of the Supreme Court states the facts.

The court made the rule absolute. Defendants appealed.

*Error assigned* was in making absolute the rule for judgment for want of a sufficient affidavit of defense.

*Harry F. Stambaugh,* with him *James L. Wehn,* for appellant.

*Albert H. Moeser,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1914:

Carpenter, the plaintiff, sued the Fort Pitt Mining and Milling Company, a foreign corporation, to recover $1,500, the value of three thousand shares of stock and for back salary for running the company's mine. He took a rule of reference under the compulsory arbitration Act of June 16, 1836, P. L. 715, and the arbitrators made an award in his favor. The company appealed from the award and gave bond conditioned for the pay-

ment of "all the debt, interest and costs accrued or that may be legally recovered against" the mining company. On the trial of the cause in the Common Pleas the plaintiff obtained a judgment for the amount of his claim. An execution was issued on the judgment to which the sheriff returned "nulla bona," and then the present action of assumpsit on the bond was brought against the sureties. The plaintiff took a rule for judgment for want of a sufficient affidavit of defense which was made absolute and judgment was entered against the defendants. They have taken this appeal.

The defendants contend that the bond was illegal in that it was taken for the debt, interest and costs whereas it should have been taken for the costs only. The single question in the case is whether the twelfth section of the Act of April 25, 1850, P. L. 569, construing the Act of March 20, 1845, P. L. 188, which provides that in appeals from award of arbitrators the appellant shall give bail for the costs only, repeals the Act of March 21, 1849, P. L. 216, providing that in appeals by a foreign corporation in actions brought in a court of record, the bail shall be for the debt, interest and costs. In other words, under present legislation is a foreign corporation defendant in appealing from an award of arbitrators required to give bail for payment of the debt finally adjudged to be due the plaintiff, together with interest and costs, or only for the costs accrued and likely to accrue in the case?

A review of the legislation on the subject will show that the Act of 1849 is in force, and that bail on an appeal by a foreign corporation from an award of arbitrators must be for the debt, interest and costs.

The Act of March 29, 1809, P. L. 125, was the first compulsory arbitration statute enacted in this State, and the recognizance on appeal from the award was substantially the same as that required under the Act of March 20, 1810, 5 Sm. L. 131, the fourteenth section of which provides that if the defendant be the appellant he

shall give a recognizance in the nature of special bail, conditioned that if the plaintiff shall obtain a judgment more favorable than the award, the defendant shall pay all the costs and the value of the thing awarded, with one dollar for each day lost by plaintiff in attending the appeal, or in default thereof, surrender the defendant to the county jail.

The next act on the subject was approved March 22, 1817, P. L. 128. It was doubtless passed in view of the decision of this court in Carpentier v. Delaware Insurance Company, 2 Binn. 264, in which it was held that the condition of the recognizance in the Act of 1809 and similar Act of 1810 that the surety surrender the defendant to the county jail was incapable of performance in case of a corporation, and therefore a corporation was entitled to appeal without entering into a recognizance of bail. This inequality between a defendant corporation and an individual defendant was remedied by the Act of 1817, the fourth section of which provides, inter alia, that "when any corporation shall be sued and shall appeal or take a writ of error, the bail requisite in that case shall be taken absolute for the payment of the debt, interest and costs on affirmance of the judgment." We held that this act applied to appeals from the judgment of a justice of the peace and from an award of arbitrators.

The General Arbitration Act of June 16, 1836, P. L. 715, followed, the thirtieth section of which substantially reenacted the fourteenth section of the Act of 1810 requiring the defendant, if appellant, to give special bail upon appeal from an award of arbitrators. The question arose at once whether this provision of the Act of 1836 was not an implied repeal of the fourth section of the Act of 1817 requiring corporations to give bail absolute for debt, interest and costs in such cases. We answered the question in the negative in Morris v. Delaware and Schuylkill Canal, 4 W. & S. 461, and affirmed our former construction of the Act of 1817 that corpora-

tions appealing from an award of arbitrators must give bail for debt, interest and costs. Mr. Justice SERGEANT delivering the opinion, said: "The provision in the fourth section of the Act of March 22, 1817, that when any corporation shall be sued and shall appeal or take a writ of error, the bail shall be absolute for the payment of debt, interest and costs, on affirmance of the judgment, has in practice been considered as extending to all appeals by corporations of every description, and there is nothing in the act by which appeals from awards of arbitrators can be excepted." The two acts were, therefore, both held to be in force, and notwithstanding the general language of the subsequent Act of 1836, the provision in the Act of 1817 requiring corporations to give bail for debt, interest and costs was still in force. This was the law when the Act of July 12, 1842, P. L. 339, abolishing imprisonment for debt was passed. The effect of that legislation on statutory requirements for bail in cases of appeals from judgments of justices of the peace and awards of arbitrators, as declared in Beers v. West Branch Bank, 7 W. & S. 365, was certainly not anticipated or foreseen. It was there held that the Act of 1842 virtually abolished special bail in all but the few excepted cases, and that "appeals from awards of arbitrators, therefore, are to be had without any sort of bail whatever." This construction of the act also abolished special bail, required by the Act of 1810, upon appeals from judgments of justices of the peace and aldermen.

In this state of the law, the Act of March 20, 1845, P. L. 188, entitled "An act concerning bail and attachments," was passed, evidently to meet the situation produced by the Act of 1842. Section 1 of the act provides: "In lieu of the bail heretofore required by law, in the cases herein mentioned, the bail in cases of appeal from the judgments of aldermen and justices of the peace, and from the awards of arbitrators, shall be bail absolute, in double the probable amount of costs accrued and likely to accrue in such cases, with one or more sufficient sure-

ties, conditioned for the payment of all costs accrued or that may be legally recovered in such cases against the appellants." The language of this act was sufficiently broad, apparently, to cover all cases in which any defendant appealed from the judgment of a justice of the peace or alderman or from an award of arbitrators. But recalling Morris v. Delaware and Schuylkill Canal, 4 W. & S. 461, it was an open question, probably with a negative answer, whether it did by implication repeal the Act of 1817 and permit corporations to avail themselves of its provisions and enter bail for costs only.

The doubt as to the effect of the Act of 1845 led to the passage of the Act of March 15, 1847, P. L. 361, the first section of which provides as follows: "Whereas, doubts have arisen in regard to the effect of the first section of the act, entitled 'An Act concerning bail and attachments,' passed twentieth March, one thousand eight hundred and forty-five, and as to the bail required to be given by corporations in cases of appeal and writs of error, since the passage of said act; therefore, Section 1. Be it enacted......that from and after the passage of this act, when any corporation (municipal corporations excepted), being sued, shall appeal or take a writ of error, the bail requisite in that case shall be taken absolute, for the payment of debt, interest and costs on the affirmance of the judgment." It will be observed that, with the exception of municipal corporations, this is a reenactment in terms of the fourth section of the Act of 1817 requiring corporations to give bail for debt, interest and costs in such cases. Under our decisions interpreting this latter act, the Act of 1847 applied to appeals from the judgments of justices of the peace and aldermen and awards of arbitrators.

With this legislation before it, the legislature passed the Act of April 25, 1850, P. L. 569, entitled "An Act relating to......appeals from awards of arbitrators by corporations......." The twelfth section of this act provides: "So much of the first section of the act passed

on the 20th day of March, 1845, entitled 'An Act concerning bail and attachments,' as pertains to appeals from the awards of arbitrators, shall from henceforth be construed to extend to all such appeals, whether made by persons natural or artificial." Does this act repeal the Act of March 21, 1849, P. L. 216? Section 3 of the latter act provides: "In all suits or actions hereafter to be brought in any court of record of this Commonwealth, against any foreign corporation or body corporate, not holding its charter under the laws of this Commonwealth, every judgment, verdict or award rendered against such corporation shall be final and conclusive, unless the said defendants, in addition to the usual proceedings in cases of appeal, shall give good and sufficient bail, in the nature of bail absolute, for the payment of such sum or sums as shall be finally adjudged to be due to the plaintiff or plaintiffs, together with interest and costs thereon." The purpose of the Act of 1850, as disclosed by its language, was to construe the Act of 1845 with regard to appeals from awards of arbitrators. The act was supplemental to and explanatory of the Act of 1845 which, as its title shows was "an act concerning bail and attachments." It was to regulate this general subject that the two acts were passed. It is not claimed that the Act of 1850 expressly repealed the Act of 1849. There is no repealing clause in the Act of 1850 and, hence, if it repeals the prior act it is by implication. Repeal of statutes by implication is not favored, and unless a statute is repealed in express terms, the presumption is always against an intention to repeal. A presumption to repeal an earlier by a later statute can only arise when the two statutes are irreconcilable, or the intention is clearly expressed. There must be a clear repugnancy between the two statutes to justify the court in declaring that the one repeals the other. In determining the effect of the later statute in the present case, the Acts of 1845 and 1850 must be construed together and as having one and the same purpose, which, as disclosed by the title to the

earlier statute, was to regulate "bail and attachments." The Act of 1849, however, was passed, as its title indicates, for another purpose, to wit: "to facilitate the collection of debts against corporations," and, as we have seen, requires "any foreign corporation or body corporate not holding its charter under the laws of this Commonwealth" to give bail for debt, interest and costs in all appeals taken in actions in any court of record. This necessarily limited the operation of the Act of 1845 to appeals by domestic corporations from judgments of justices of the peace and awards of arbitrators. As the law then stood, a foreign corporation took its appeal under the Act of 1849, and a domestic corporation under the Act of 1845. The Act of 1850 was, therefore, construing the Act of 1845 which dealt only with domestic corporations. The Act of 1849 does not deal with corporations generally, but specially with foreign corporations, and only those appealing in actions brought "in any court of record." The act is not confined to appeals from judgments of justices of the peace and awards of arbitrators, but applies in every case where the corporation takes an appeal in a case instituted in a court of record. The Act of 1845 applied to appeals from judgments of justices of the peace and aldermen and from awards of arbitrators, and the Act of 1850, applies only to appeals from awards of arbitrators. The manifest intention of the legislature in dealing with the subject, as appears from the several acts, was to make a distinction between the two classes of corporations. The legislature recognized the necessity which frequently arises of protecting a litigant against a foreign corporation having no assets in the State. The present case affords conclusive proof of the wisdom of such legislation.

The Act of May 19, 1897, P. L. 67, repealed only so much of the Act of 1849 "as relates to appeals and writs of error" taken to the appellate courts. The Act of 1897 applies to appeals to the Supreme and Superior Courts, as distinctly appears from the title which is "An Act

regulating the practice, bail, costs and fees on appeals to the Supreme Court and Superior Court," and from the body of the act which provides for "every case in which an appeal is taken to the Supreme Court or Superior Court."

We are of opinion that the Act of 1850 did not repeal the Act of 1849, and that the bond in suit is a valid obligation of the defendants.

Judgment affirmed.