## Juliano v. Massimo

*Lloyd B. White, Jr.*, for plaintiff.
*Francis L. Zarrilli*, for defendants.

SWENEY, J., November 3, 1958.—On September 29, 1958, we entered an order without an opinion. This opinion, therefore, is written in support thereof.

In this case, defendants appealed from arbitrators' award. The statutory requirements admittedly were met except that appellants filed a bond in the amount of $100 for payment to plaintiff for costs likely to be accrued by reason of defendants' appeal. Defendants filed a petition to amend answer to specify an additional defense and plaintiff filed a petition to strike the appeal. Both matters were heard together. Since the right to amend is unimportant if the appeal is stricken, we will discuss first the merits of the petition to strike the appeal.

Simply put, plaintiff contends that the recognizance should be for debt, interest and costs and since the award here was $835.28, plaintiff contends the bond is insufficient. This question has arisen several times and will again unless placed at rest.

The basis of plaintiff's contention arises out of the fact that the present Arbitration Act is merely an amendment to the Act of June 16, 1836, P. L. 715, 5 PS §1 et seq. Section 30 thereof, 5 PS §75, specifically provided, and there seems to be no doubt, that the bond was required to cover not only the costs and probable costs but the debt itself as determined by the arbitrators' award plus $1 for every day plaintiff is required to attend such appeal should he ultimately win, and plaintiff asserts that the amendments of January 14, 1952, P. L. 2087, under which we are now operating, did not change that section of the Act of 1836 and that it is still in effect.

This premise, however, completely overlooks the Act of March 20, 1845, P. L. 188, 42 PS §921, concerning bail and attachments wherein the legislature provided:

"In lieu of the bail heretofore required by law, in the cases herein mentioned, the bail in cases of appeal from the judgments of aldermen and justices of the peace, and from the *awards of arbitrators*, shall be bail absolute, in double the probable amount of costs accrued and likely to accrue in such cases," and this same act repeals all existing laws altered or supplied thereby. (Italics supplied.)

We think the Act of 1845 changed the conflicting section of the Act of 1836 and is today the law of the case. That the Act of 1845 does effectively repeal this part of the Act of 1836 is borne out by the opinion in Carpenter v. Hutchison, 243 Pa. 260.

Since, therefore, there appears to be no merit in the petition to strike the appeal, it should be dismissed and the petition to amend the answer should be allowed. The order to this effect has heretofore been filed, to wit, September 29, 1958.