Manton *v.* Marini, Appellant.

Argued March 15, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*James M. Marsh,* with him *Joseph G. Manta,* and *LaBrum and Doak,* for appellant.

*Bernard M. Gross,* with him *Stephen L. Hymowitz,* and *Gross & Sklar,* for appellees.

OPINION PER CURIAM, June 22, 1971:

This case involves an appeal from the decision of the Court of Common Pleas of Philadelphia County quashing appellant's appeal from an award of arbitrators.

It appears clear from the record that appellant did not pay all of the record costs within the time prescribed by law. Act of June 16, 1836, P. L. 715, §27,

as amended, 5 P.S. §71. Payment of these costs within the twenty day period is mandatory to perfect the appeal. *Madrid Motor Corporation v. Cashan,* 206 Pa. Superior Ct. 383, 213 A. 2d 284 (1965); *Fleisher v. Kaufman,* 206 Pa. Superior Ct. 378, 212 A. 2d 846 (1965); *Budde v. Sandler,* 204 Pa. Superior Ct. 36, 201 A. 2d 247 (1964). For this reason, the decision of the lower court is affirmed.

------

DISSENTING OPINION BY WRIGHT, P. J.:

Appellant's appeal, and an appeal bond of $15,-804.00, were filed with the prothonotary of the trial court well within the twenty-day statutory period. This bond was conditioned, upon failure in the appeal, for the payment of all costs. Appellant also forwarded a bank draft for the amount of costs shown by the docket to be due. Under these circumstances, to affirm the quashing of the appeal seems unduly harsh and inequitable. See my dissenting opinion in *Fleisher v. Kaufman,* 206 Pa. Superior Ct. 378, 212 A. 2d 846.

The law favors the right of appeal: *Womelsdorf v. Heifner,* 104 Pa. 1; *Romberger Appeal,* 190 Pa. Superior Ct. 11, 151 A. 2d 805. Indeed, the constitutionality of the Compulsory Arbitration Statute depends upon the existence of the right of appeal: *Smith Case,* 381 Pa. 223, 112 A. 2d 625. In its memorandum opinion the trial court mentions the contention of counsel for appellee that the bank draft was not legal tender. However, in *Burns v. Smith,* 180 Pa. 606, 37 A. 105, our Supreme Court reversed the quashing of an appeal on this basis. See also *Trexler v. Africa,* 27 Pa. Superior Ct. 385.

I would reverse the order below and reinstate the appeal.