**Leinwand v. John Wanamaker of Philadelphia, Inc.**

2

*A. S. Buchman*, for plaintiff.
*Guy T. Moore*, for defendant.
*Joel P. Fishbein*, for additional defendant.

HIRSH, J., March 9, 1973.—Plaintiff began this action in assumpsit on December 21, 1967, by writ of summons against defendant for the nonreturn of merchandise which plaintiff's assignor had delivered to defendant for sale. On January 12, 1968, defendant joined additional defendant alleging that the merchandise was delivered by defendant to additional defendant for transport back to plaintiff's assignor. An arbitration panel heard testimony on this action and made an award in favor of defendant and additional defendant on February 29, 1972. From this award, plaintiff appealed. This matter is before this court on the motion of additional defendant and defendant to quash the appeal.

This court finds plaintiff's appeal defective as to additional defendant because at no time did plaintiff tender or pay the record costs of additional defendant nor did plaintiff ever notify additional defendant of the pending appeal. The Act of June 16, 1836, P.L. 715, sec. 27, 5 PS §71, provides that the party appealing from an award of a board of arbitrators must pay all accrued costs of the opposing parties. Furthermore, the act also requires that the party taking the appeal also serve a copy of the appeal papers upon all opposing counsel. If both of these requirements are not met, an appeal is not properly taken and can be quashed on these grounds. From the decisions in Manton v. Marini, 218 Pa. Superior Ct. 298, 280 A.2d 403 (1971), Madrid Motor Corp. v. Cashan, 206 Pa. Superior Ct. 383, 213 A.2d 284 (1965), and Fleisher v. Raufman, 206 Pa. Superior Ct. 378, 212 A. 2d 846

(1965), it is clear that an appeal is properly quashed if plaintiff fails to tender payment of costs to the opposing counsel. However, recently the Superior Court in Meta v. Yellow Cab Co., 222 Pa. Superior Ct. 469, 294 A. 2d 898 (1972), refused to strictly apply the requirement of payment of accrued costs. However, this court feels that the Meta opinion can be distinguished from the present case. The Meta opinion was based on the Superior Court's reaction to a series of cases in which a good faith underpayment was tendered. Judge Packel, speaking for the Superior Court in Meta, recognized the following as the modern view for testing the sufficiency of compliance with the procedural requirements for taking appeals from arbitration awards:

"Beth-Allen Sales Co. v. Hartford Insurance Group, 217 Pa. Superior Ct., 42, 268 A.2d 203 (1970) . . 'This decision is based on the belief that where a party has made an honest effort to file his appeal in accordance with the statute, and has substantially complied with the requirements, justice will not permit his appeal to be dismissed with prejudice.' "

This "honest effort to file his appeal" test raises no problems for the present case because plaintiff did not make such an effort. Not only did plaintiff make no tender of payment of accrued costs but he also failed to serve a copy of the appeal papers on the counsel for additional defendant. This failure to serve alone is a sufficient ground to quash an appeal: Meade v. Equitable Credit & Discount Co., 18 D. & C. 2d 646 (Phila. Co., 1959). Therefore, as to additional defendant, the appeal is properly quashed on these two grounds.

As to defendant a different factual situation occurred because it was served with the appropriate

appeal papers and was paid its accrued costs. Therefore, plaintiff perfected his appeal as to defendant but not as to additional defendant. The question that this factual situation presents this court is whether a plaintiff can appeal a single arbitration award in favor of two defendants by just appealing the award as to one defendant. Because this court feels that plaintiff cannot ignore the fact that additional defendant was properly joined and that the issue before the arbitrators and on appeal before the court is whether either or both of these defendants are liable to plaintiff, this court must quash the appeal as to defendant.

Rule VI (B.) of the Philadelphia Rules for Compulsory Arbitration provides that all appeals from arbitration awards shall be de novo. The Superior Court interpreted this rule in Portock v. Philadelphia Transportation Co., 203 Pa. Superior Ct. 385 (1964), at page 388, which held:

"Rule VI (B.) of that court provides that the appeal shall be de novo. This means that the parties shall be the same as they were in the original case and that the case shall be tried afresh by the court."

Therefore, for the court to start afresh, the additional defendant must be as much a part of the appeal as defendant, because the appeal de novo raises all issues to all parties anew. But in the present case, the appeal as to additional defendant, for the reasons set out earlier in this opinion, was quashed and therefore it is not possible to raise all issues anew by this appeal de novo if only one defendant is a party.

Accordingly, it is therefore ordered and decreed that plaintiffs' appeal from the award of arbitrators be quashed.