## Swartz v. Capital Refrigeration, Inc. (No. 1)

Before Shughart, P. J., and Weidner, J.

*William A. Addams,* for plaintiff.
*Norman M. Yoffee,* for defendant.

WEIDNER, J., March 12, 1973.—In accordance with existing law, the above-captioned action was taken before a duly appointed board of arbitrators who found in favor of plaintiff, Richard H. Swartz, and against defendant, Capital Refrigeration, Inc., in the amount of $554.80. Defendant entered a timely appeal, filing bail absolute in accordance with the Act of March 20, 1845, P. L. 188, sec. 1, 42 PS §921. Plaintiff moved to quash this appeal, contending that the appeal bond, filed by defendant, failed to meet the additional requirements of the Act of June 16, 1836, P. L. 715, sec. 30, 5 PS §75.

This matter is now before the court for a determination of whether the appeal from the decision of the board of arbitrators in the above-captioned case shall be quashed.

In support of his motion to quash the appeal from the award of the board of arbitrators, plaintiff alleges two infirmities in defendant's appeal bond: (1) that it does not obligate the defendant to pay the sum awarded by the arbitrators, as required by the Act of 1836;

and (2) that the sureties named therein are not "one or more sufficient sureties" as specified in both the Act of June 16, 1836, P. L. 715, sec. 30, 5 PS §75, and the Act of March 20, 1845, P. L. 188, sec. 1, 42 PS §921.

As alleged, the appeal bond here filed does not satisfy the requirements of section 30 of the Act of 1836. However, defendant contends that by filing bond in accordance with the Act of 1845, it has completed all that is required to perfect its appeal. Additionally, defendant contends that the proper course for correcting any error that may be determined is by leave to amend, rather than dismissal of the appeal with prejudice.

The question thus presented is whether a defendant can perfect an appeal from the award of a board of arbitrators by filing an appeal bond which satisfies the requirements of section 1 of the Act of 1845, in lieu of the bail required by section 30 of the Act of 1836. This court is of the opinion that the Act of 1836 stands repealed insomuch as it conflicts with the Act of 1845, and that defendant has filed bond adequate to perfect its appeal by complying with section 1 of the Act of 1845.[1]

The special bail requirements of section 30 of the Act of 1836 suffered legislative attack six short years after enactment. Imprisonment for debt being abolished by the Act of July 12, 1842, P. L. 339, 12 PS §257, recognizances generally, in the nature of special bail, fell with it. Beers v. West Branch Bank, 7 W. & S. 365 (Pa. 1844), construed the 1842 act to mean that appeals

---

[1] By the Act of April 25, 1850, P. L. 569, sec. 12, 5 PS §78, section 1 of the Act of 1845 on appeals from awards of arbitrators has been extended "to all such appeals, whether made by persons natural or *artificial*": Carpenter v. Hutchinson, 243 Pa. 260, 266 (1914).

from awards of arbitrators were to be had without any sort of bail whatever. Acting on this judicial construction, the legislature passed the Act of March 20, 1845, P. L. 188, 42 PS §921, entitled "An Act concerning bail and attachments": Merritt v. Smith, 2 Pa. 161 (1845). Section 1 of this act relating to bail provides:

"In lieu of bail heretofore required by law, in the cases herein mentioned, the bail in cases of appeal from . . . the awards of arbitrators, shall be bail absolute, in double the probable amount of costs accrued and likely to accrue in such cases, with one or more sufficient sureties, conditioned for the payment of all costs accrued or that may be legally recovered in such cases against the appellants."

Section 5 of this act includes a general repeal provision which operates to repeal "so much of existing laws as are hereby altered or supplied." By its decision in Merritt v. Smith, supra, and, three years later in Shuff v. Morgan, 7 Pa. 125 (1847), the Supreme Court held section 30 of the Act of June 16, 1836, to be superseded by the first section of the Act of March 20, 1845, quoted above.

In a more recent decision, Carpenter v. Hutchinson, 243 Pa. 260 (1914), the Supreme Court affirmed these early rulings while it described the test to be used in determining whether a later statute repeals an earlier one:

"Repeal of statutes by implication is not favored and unless a statute is repealed in express terms, the presumption is always against an intention to repeal. A presumption to repeal an earlier by a later statute can only arise when the two statutes are irreconcilable, or the intention is clearly expressed. There must be a clear repugnancy between the two statutes to justify the court in declaring that the one repeals the other." Id. 266.

The very wording of the statute of 1845 makes it

irreconcilable with section 30 of the Act of 1836. By providing a bail requirement to be used "in lieu of" that previously enumerated by the existing 1836 act, the Act of 1845 acts to repeal that preexisting section, if it had not already been repealed by the statutory abolishment of imprisonment for debt in 1842.

Such an interpretation not only follows from case and statutory law, but it is consistent with recent opinions of our Superior Court on appeals from arbitration awards. See Gable v. Chintala, 212 Pa. Superior Ct. 471 (1968). Thus, by satisfying the requirements of the Act of March 20, 1845, P. L. 188, sec. 1, 42 PS §921, defendant has made bond sufficient to perfect his appeal.

Considering plaintiff's second contention, plaintiff has failed to prove either surety named in the appeal bond to be impecunious, or otherwise incapable of satisfying the $300 contingent debt pledged therein. Lacking this, a determination that one or both sureties are not in substantial compliance with the act would clearly be in error.

Accordingly, plaintiff's motion to quash must be overruled and dismissed.

## ORDER OF COURT

And now, March 12, 1973, at 9:30 a.m., plaintiff's motion to quash the appeal is overruled and dismissed.