389 A.2d 155

**Merle E. GOMMER, Appellant,**

v.

**Michael J. KOTCH.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided July 12, 1978.

Peter B. Broida, Wilkes-Barre, for appellant.

Joseph J. Musto, Wilkes-Barre, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

█ Appeal is taken from an Order of the court below denying plaintiff's (appellant herein) petition seeking allowance to appeal from an adverse award of arbitrators without payment of costs and posting of bond. Further procedural facts are that plaintiff had filed a complaint in trespass which, due to the amount of the recovery sought, was first to be heard in compulsory arbitration.[1] After hearing, the arbitrators found for defendant. Plaintiff thereupon caused to be filed a petition wherein he averred that he was not impoverished, but alleged that payment of costs and surety as a precondition to appealing from the arbitrators' award was an unconstitutional infringement upon his right to jury trial. The defendant filed an answer, and the matter proceeded as a rule to show cause. On October 18, 1976, plaintiff's petition was denied; it is this Order from which plaintiff appeals.

1. The record further points out that the complaint had been initiated after defendant's appeal to the Court of Common Pleas from a district justice's judgment in favor of plaintiff.

The compulsory submission of civil causes of action in the courts of common pleas is based upon the Act of 1836, June 16, P.L. 715, as amended, 5 P.S. § 21 *et seq.* The procedures of appeal from the arbitrators' award are set out at 5 P.S. §§ 71–81. *Inter alia* these sections mandate that costs shall be paid and a recognizance filed as a precondition to the appeal. A party against whom an award has been entered and who may choose to appeal, but who is prevented from doing so because he cannot pay the costs required, may petition to proceed with relief from these costs. 5 P.S. § 72.

Appellant herein again raises the argument that, particularly in cases wherein the amount of the award is very small, it is an infringement upon an appealing litigant's right to trial to be required to pay costs and protect an award which may be overturned by the court when heard *de novo*. Our Supreme Court answered this very challenge in *Smith Case*, 381 Pa. 223, 112 A.2d 625 (1955), and held that the procedures of appealing are not a forbidden restriction upon the constitutional right. Later in reliance thereon, our court found no constitutionally-prohibited requirement in regard to appealing under the Act, *supra*. *Fleisher v. Kaufman*, 206 Pa.Super. 378, 212 A.2d 846 (1965). This case presents no factual nuance upon which we would be inclined to reassess the positions formerly stated by this Court and the Supreme Court. Appellant's constitutional rights are intact. See the latest discussion of Compulsory Arbitration Act procedures in *Weber v. Lynch*, 473 Pa. 599, 375 A.2d 1278 (1977).

Finding no infirmity of constitutional dimensions in this case, we reach the conclusion that the order appealed from did not foreclose plaintiff from further proceeding in the Court of Common Pleas, assuming that he proceed in accordance with the Act, *supra*. By his own statement, plaintiff was not impoverished and therefore did not pursue the allowances of 5 P.S. § 71, *supra*. Consequently, the order upon which this appeal is founded is not finally dispositive of the case below. Because it is not a final order, we will quash the appeal.

Appeal quashed and case remanded for further proceedings in the lower court.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.