421 A.2d 396

**William G. HAMILTON, t/d/b/a Hamilton Maintenance**

**v.**

**John HARIDA and Sharon Harida, his wife, Appellants,**

**v.**

**WOODLAWN BUILDERS, INC.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1979.

Filed July 25, 1980.

Sanford S. Finder, Washington, for appellants.

Charles Bell, Washington, for Hamilton, appellees.

Thomas R. Solomich, Pittsburgh, for Woodlawn Builders, appellee.

Before CERCONE, President Judge, and PRICE, SPAETH, HESTER, CAVANAUGH, HOFFMAN and MONTGOMERY, JJ.

SPAETH, Judge:

█ This is an appeal from an order striking an appeal from an arbitration award for failure to file sufficient recognizance.[1]

On December 22, 1977, an arbitration panel entered an award against appellants in the amount of $1,146.49, with interest and costs. On January 9, 1978, appellants filed a timely appeal from the award and filed a cash bond of $100 with the prothonotary of the lower court; appellants also paid costs of $70.75 and the arbitrators' fee of $105.

Appellee filed a motion to strike the appeal, alleging that appellants' bond was insufficient. In support of its position, appellee cited the lower court's Local Rule L–806–9(a), which states in pertinent part:

A defendant–appellant shall file a recognizance bond, the condition of which shall be that if the plaintiff in the event of a suit shall obtain a judgment for a sum equal to or greater, or a judgment as or more favorable than the award of the Arbitrators, the defendant shall pay all costs of the appeal together with the sum or value of the property or things awarded by the Arbitrators.

This rule is modeled on the Act of June 16, 1836, P.L. 715, § 30, as amended, 5 P.S. § 75 (Purdon's 1963) (repealed 1980), which provides:

If the defendant be the appellant, he shall, by himself, his agent or attorney, with one or more sufficient sureties, in the nature of special bail, be bound in recognizance to the plaintiff, the condition of which shall be, that if the plaintiff, in the event of the suit, shall obtain a judgment

---

1. A recognizance is not the same as a bond. A bond is an instrument signed and sealed by the principal and his surety conditioned on the payment of a sum of money; it is said to create a new debt. A recognizance does not create a new debt, but is an acknowledgment of an existing debt; it need not be signed by the parties. *See Coates v. Rodemoyer*, 41 Pa.D. & C.2d 593 (Mercer Co. 1966).

for a sum equal to or greater, or a judgment as or more favorable than the award of the arbitrators, the said defendant shall pay all the costs that may accrue in consequence of the said appeal, together with the sum or value of the property or thing awarded by the arbitrators, with one dollar for every day that shall be lost by the plaintiff in attending to such appeal, or in default thereof, that the said defendant shall be surrendered to the jail of the proper county.

Appellants filed an answer to the motion to strike, alleging that the local rule violated the Act of March 20, 1845, P.L. 188, § 1, 42 P.S. § 921 (Purdon's 1966) (repealed 1980), which provides:

In lieu of the bail heretofore required by law, in the cases herein mentioned, the bail in cases of appeal from the judgments of aldermen and justices of the peace, and from the awards of arbitrators, shall be bail absolute, in double the probable amount of costs accrued and likely to accrue in such cases, with one or more sufficient sureties, conditioned for the payment of all costs accrued or that may be legally recovered in such cases against the appellants.

On April 24, 1979, the lower court by "memorandum and order" concluded that the local rule and the Act of 1836 controlled and gave appellants seven days in which to file a recognizance sufficient to comply with them. Appellants refused to do so, and on May 1 the prothonotary struck their appeal. On May 23, appellants appealed to this court.[2]

Since the Act of 1845 does not explicitly repeal the Act of 1836, we may not conclude that it repealed the Act of

2. This appeal is not interlocutory. An order quashing an appeal from arbitration is a final order, which may be appealed. *B & B, Inc. v. Home for Accepted*, 223 Pa.Super. 518, 335 A.2d 722 (1975); *Manton v. Marini*, 218 Pa.Super. 298, 280 A.2d 403 (1971); *Beth–Allen Sales Co. v. Hartford Ins. G.*, 217 Pa.Super. 42, 268 A.2d 203 (1970). Although the lower court's order of April 24 did not itself quash the appeal, and might therefore be considered interlocutory, the prothonotary's order of May 1 striking the appeal supplied whatever element of finality was missing.

1836 unless the two statutes are irreconcilable, for it is long–settled that repeals by implication are not favored. *Pennsylvania Turn. Com'n v. Sanders & Thomas, Inc.*, 461 Pa. 420, 336 A.2d 609 (1975) (*quoting Parisi v. Philadelphia Zoning Board of Adjustment*, 393 Pa. 458, 462, 143 A.2d 360 (1958)); 1 Pa.C.S.A. § 1971 (Purdon's Supp. Pamphlet 1964– 1978). Here, however, the two statutes are irreconcilable. Under the Act of 1845 the amount of "bail" required is "double the probable amount of costs," whether the appellant be the plaintiff or the defendant. This provision cannot be reconciled with the provision of the Act of 1836 that "[i]f the defendant be the appellant," "special bail" is required in the amount of "all the costs . . . together with the sum . . . awarded by the arbitrators, with one dollar for every day that shall be lost by the plaintiff." We therefore hold that insofar as the Act of 1836 requires a defendant appealing an arbitration award to file "special bail" in an amount greater than the amount of the "bail" required by the Act of 1845, it was implicitly repealed by the Act of 1845. *See Swartz v. Capital Refrig. (No. 1)*, 62 Pa.D. & C.2d 672 (Cumberland Co. 1973); *O'Donnell v. Forgeville Corporation*, 45 Pa.D. & C.2d 474 (Chester Co. 1967); *Juliano v. Massimo*, 17 Pa.D. & C.2d 635 (Dela. Co. 1960); *Cf. Shuff v. Morgan*, 7 Pa. 125 (1847) (requirement in Act of 1836 that recognizance include one dollar a day for time plaintiff loses implicitly repealed by Act of 1845). It follows that the lower court's local rule was of no effect, for a court may not by local rule impose a requirement that the General Assembly has said may not be imposed. *Weber v. Lynch*, 473 Pa. 599, 375 A.2d 1278 (1977); *Klugman v. Gimbel Bros., Inc.*, 198 Pa.Super. 268, 182 A.2d 223 (1962).

We note that the cash bond of $100 filed by appellants did not satisfy the requirements of the Act of 1845. In *Beth–Allen Sales Co. v. Hartford Ins. G., supra,* which involved a plaintiff's appeal under the Act of 1836, this court characterized as "questionable" the argument that a cash bond was an adequate substitute for the appearance of a surety. 217 Pa.Super. at 48, 268 A.2d at 206. *See Coates v.*

*Rodemoyer, supra.* Here, appellants accompanied their deposit of money with a document by which they bound themselves, "as surety," to pay appellee $100. A principal, however, cannot act as his own surety. Suretyship is a three–party relationship, the surety being distinct from the principal whose debt the surety undertakes to guarantee. *See, e. g., Brock's Assigned Estate (No. 1)*, 312 Pa. 7, 166 A. 778 (1933). Since the Act of 1845 requires "bail . . . in double the probable amount of costs accrued and likely to accrue . . . , with one or more sufficient sureties," it was necessary that a surety appear before the prothonotary to guarantee appellants' obligation under the Act of 1845. The remedy for this failure, however, is not to quash the appeal, but to remand the case to give appellants the opportunity to file proper bail. *Beth–Allen Sales Co. v. Hartford Ins. G., supra; Gable v. Chintala*, 212 Pa.Super. 471, 243 A.2d 487 (1968); *New Castle Metal Products v. Campbell*, 131 Pa.Super. 367, 200 A. 118 (1938).

The order of the lower court is reversed and the case is remanded with instructions to reinstate the appeal from the arbitration award upon appellants' filing of bail as required by the Act of 1845.

PRICE, J., files a dissenting opinion in which HOFFMAN, J., joins.

PRICE, Judge, dissenting:

I would quash this appeal. The issue is collateral to the case–in–chief and, therefore, interlocutory. An appeal is not permitted. This principle has been established to prevent the fragmentation of appeals and the unnecessary overburdening of appellate courts on collateral issues. *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978), *Gommer v. Kotch*, 256 Pa.Super. 20, 389 A.2d 155 (1978). The majority opinion is an example of the possibility of double review by considering the merits of appellants' collateral claim and then remanding for proceedings on the case–-in–chief upon filing of proper bond.

Appellants were given the opportunity to post bond, continue with their appeal of the arbitration award having preserved the issue of bond, and after a decision on the case–in–chief take an appeal raising this bond issue plus any others that arose. Appellants refused to take that proper course. Having made that election and having put themselves out of court, they should not be given this second chance.

The appeal should be quashed.

HOFFMAN, J., joins in this opinion.