## TURNER *against* PATRIDGE.

A grandfather devised to his grandsons a tract of land, which, by his will, he directed should be patented, and the price thereof paid out of his estate: an uncle of the devisees obtained the patent and paid for it, and brought an action against the executors of the grandfather's estate to recover it back. *Held:* That it was a voluntary payment by him, which gave no right of action.

A *prochein-ami* is recognized by the laws of *Pennsylvania* and our practice for certain purposes, but never as having the power of a trustee or guardian.

Writ of error to the Common Pleas of *Allegheny* county.

This was an action of *assumpsit* by *Thomas Patridge* against *Reverend John Riddle* and *John Phillips*, executors of *William Turner*, deceased. By the last will of *Wm. Turner*, deceased, he devised to the minor children of his deceased son *John* a tract of land, and directed that a patent should be obtained for it; which should be paid for out of his personal estate. The plaintiff, *Thos. Patridge*, was the uncle of the devisees, and the executor of their father's estate. He took out the patent in trust for his nephews, and paid for it; and brought this action against the executors of *Wm. Turner*, to recover the amount so paid by him. The objection to the plaintiff's recovery was, that it being a voluntary payment, it gave him no right of action.

The court below was of opinion, and so instructed the jury, that a court of equity would recognize the acts of *Patridge* as a *prochein-ami* to the devisees, and if he acted with good faith in procuring the patent, he was entitled to recover the amount paid by him for the patent, with interest, and a reasonable compensation for his services in the business.

*W. Forward* for plaintiff in error.

*W. W. Fetterman, contra.*

The opinion of the court was delivered by

Gibson, C. J.—In procuring the patent without compulsion of the law or request of the party interested, the plaintiff below laid the defendants under a moral obligation which, though sufficient as a consideration for an express promise, raised no promise by implication of law; and this was given in charge to the jury. But to give effect to this moral obligation in another shape, the plaintiff, in the character of a *prochien-ami*, was placed on the vantage-ground of those for whose use the patent was to be procured, and who, in the event of the defendants' neglect or refusal, might by their guardian have procured it at the defendants' expense. But merely as the executor of their father's will, under which they do not derive title to the land, the plaintiff stood in no priority to them as regards this transaction; and his relation of uncle gave him no

(Turner *v.* Patridge.)

right to interfere in it in the character of a *prochein-ami.* In the seventh section of the act constituting the Orphans' Court, the term is used along with the word tutor, to signify a *curator, appointed by the court,* and as another term to designate the office of a guardian; beside whom I know of but one other *prochein-ami* whose acts, as such, are recognized by the law. An infant may sue by his next friend appointed, at the common law, by the court in which the action is pending, and by our practice, without any appointment at all, in order to supply the want of capacity in the infant to afford in his own person, a party responsible on the record for the costs; but as the execution of the trust is under the supervision and control of the court, there is no reason why our practice of constituting a *prochein-ami,* without the express sanction of the court, should be disturbed. Such a next friend is in the nature of a guardian *ad litem,* the chief difference being, that the former is the *curator* of an infant plaintiff, and the latter of an infant defendant. 1 *Tidd. prac.* 69. But it would be another matter to permit an arbitrary and irresponsible agent to affect the estate of the infant, or acquire rights of his own, by acts *in pais.* Every thing might have been regularly done on the part of the plaintiff, by procuring the authority of the guardian, if there were one, or by becoming guardian himself. But it would be not only dangerous, but unwarranted by any principle of law, to recognize an irregular guardianship like the present; and though desirous to give effect to the imperfect obligation that evidently rests on the defendants, yet, sitting in a court whose judgments are precedents for transactions, the morality of which may happen to be the other way, we must not let the hardship of the case warp the abstract principle by which it is to be governed.

Judgment reversed.