# Heck *v.* Philadelphia & Reading Railway Co., Appellant.

*Appeals—Theory not sustained by evidence—Reversal—Harmless error.*

1. Where a case has been submitted to the jury on a theory which has no evidence to sustain it, the judgment will be reversed unless it clearly appears appellant was not harmed thereby.

*Practice, C. P.—Parties — Substitution of plaintiff — Suit by minor by next friend—Death of next friend—Substitution of executors—Acts of April 15, 1851, P. L. 669, and June 7, 1917, P. L. 447.*

2. Where suit is brought in the name of a minor by his next friend, and the latter dies before a recovery is had, another next friend of the minor, and not the personal representatives of the deceased, should be substituted in his place and stead.

3. Section 18 of the Act of April 15, 1851, P. L. 669, 674, and section 35 (b) of the Fiduciary Act of June 7, 1917, P. L. 447, 504, relate only to the substitution of the executors or administrators of a deceased plaintiff who was personally entitled to the benefit of the recovery sought.

Justices FRAZER and KEPHART dissent.

Argued November 25, 1924. Appeal, No. 19, Jan. T., 1925, by defendant, from judgment of C. P. No. 1, Phila. Co, March T., 1921, No. 565, on verdict for plaintiff, in case of George Heck by Clarence L. Ebbert, administrator of the estate of Maggie Heck, his mother and next friend, v. Philadelphia & Reading Railway Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries.   Before BARTLETT, J.
The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $30,000.   Defendant appealed.

*Errors assigned* were, inter alia, rulings and instructions appearing by the opinion of the Supreme Court, quoting record.

*Wm. Clarke Mason,* for appellant.—There was no proper party plaintiff on the record, and objection having been made to the failure to substitute a proper next friend or guardian for the infant plaintiff before the jury was sworn, the defendant is entitled to judgment n. o. v. : Garman v. Glass, 197 Pa. 101.

The evidence fails to show any act by any employee of defendant on which to sustain a verdict in favor of an infant trespasser: Perrin v. Lumber Co., 276 Pa. 8; Bjornquist v. B. & A. R. R., 185 Mass. 130.

*John J. McDevitt, Jr,* with him *Frederick Beyer, Richard J. Beamish* and *Nochem S. Winnet,* for appellee.—The mother, being a widow and supporting the minor appellee, properly instituted suit under the provisions of the Act of May 5, 1911, P. L. 177, 5 Purdon 6386, and the only proper   person that could have succeeded her upon the record under the aforementioned acts was her personal representative, her administrator : North Penna. R. R. v. Robinson, 44 Pa. 175; Haggerty v. Boro., 17 Pa. Superior Ct. 151; McArdle v. Rys., 41 Pa. Superior Ct. 162; Kelly v. Traction Co, 204 Pa. 623; Windle v. Davis, 275 Pa. 23; Gentile v. Ry., 274 Pa. 335.

Negligence was established : Petrowski v. Ry., 263 Pa. 531; Minute v. Ry., 264 Pa. 93.

OPINION BY MR. JUSTICE SIMPSON, January 5, 1925:

Defendant appeals from a judgment entered on a verdict in favor of the minor plaintiff, who sued, by his

mother and next friend, to recover for injuries alleged to have been caused by defendant's negligence. At the trial, there was evidence showing that the minor, without the knowledge of defendant's employees, climbed upon one of its standing cars, forming part of a freight train which was about to move. He says that after it had started, some one in the cab at the rear of the train, dressed in the same costume as the employees of defendant, ordered him, plaintiff, to get off the car, accompanying the direction with a vulgar epithet, and this demand so scared him, he let loose of the iron to which he was clinging, fell off the train, and was seriously injured. There was neither averment nor proof of force actually employed, or attempted or threatened to be used; nevertheless the court below erroneously affirmed the following point submitted by plaintiff: "The employees of this defendant company had no right to frighten or force this boy to alight from a moving train of cars. If they did, this would be negligence."

In an endeavor to avoid the reversal which this erroneous instruction compelled, appellee's counsel contend that the word "force" might have been understood by the jury to mean "required" thus bringing the above-quoted point within the averment of the statement of claim that "the defendant's agents or servants in charge and control of the said train carelessly and negligently caused and *required* said minor plaintiff to leave the said train while the said train was in motion." Even if we could so strain credulity as to believe that the jury might have supposed this, if they had seen the statement itself, the fact is they never did see it, and hence it is not possible for us to assume they could have given so abnormal a meaning to the language used in the point. Other points submitted by plaintiff, containing averments which had no relevancy to the facts of the present case, were also erroneously affirmed, but it is not necessary to review them.

The only other contention which we shall consider at this time, is the complaint as to the substitution, after the mother's death, of the administrator of her estate as the next friend of the minor. This also was erroneous, though possibly harmless. Section 18 of the Act of April 15, 1851, P. L. 669, 674, which provides that "no action hereafter brought to recover damages for injuries to the person by negligence or default, shall abate by reason of the death of the plaintiff; but the personal representatives of the deceased may be substituted as plaintiff, and prosecute the suit to final judgment and satisfaction," clearly refers only to the death of the person entitled to the benefit of the recovery sought. This is also true of section 35 (b) of the Fiduciaries Act of June 7, 1917, P. L. 447, 504, which stipulates that "executors or administrators shall have power to commence and prosecute......all personal actions which the decedent whom they represent might have commenced and prosecuted, except actions for slander and for libels." Inasmuch as the latter of these statutes refers to actions which have not been commenced as well as to those which have, and since also any adult person is competent to act as a next friend, it follows that, under the contention we are now considering, the executors or administrators of an innumerable number of persons might, in their representative capacity, commence such an action; and so too the executors or administrators of a deceased guardian, committee or trustee, could, as such executors or administrators, commence any suit, even though in his lifetime no action had been brought by the court's appointee. Every one will concede that such a contention cannot possibly be sustained, yet this is the necessary result of plaintiff's construction of these statutes. Kelly v. Traction Co., 204 Pa. 623, 627, properly states the practice to be that when the next friend dies, a new next friend should be substituted "to enable him [the minor] to prosecute his suit," and none of the cases cited by appellee asserts anything to the contrary; in

each of them the person who died was suing to recover in his own right, and not in a representative capacity.

We do not 'deem it necessary to consider whether or not we could treat as surplusage the words "administrator of the estate of Maggie Heck," appearing in the substitution made, leaving the administrator, individually, as next friend, for doubtless an appropriate amendment will be made when the record is returned.

The judgment of the court below is reversed and a venire facias de novo is awarded.

Justices FRAZER and KEPHART dissent.