## Bertinelli et al. *v.* Galoni, Appellant.

Argued April 18, 1938. Before KEPHART, C. J., SCHAFFER, DREW, LINN and STERN, JJ.

*Thomas D. Caldwell,* of *Caldwell, Fox & Stoner,* with him *A. A. Vosburg* and *A. Floyd Vosburg,* of *Vosburg & Vosburg,* for appellant.

*Stanley F. Coar,* with him *Edw. A. DeLaney, Jr., Charles S. DeLaney, E. A. DeLaney* and *David J. Reedy,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 17, 1938:

This appeal by defendant in an action to recover damages for personal injuries sustained by the minor plaintiff, twenty-six-months' old when they were received, presents an unusual situation. Although the child's parents are alive and the child lives with them, the suit is brought in her behalf by her grandmother as next

friend. This somewhat strange proceeding is for the obvious purpose of recovering damages from the insurance company which indemnified the father against liability for personal injuries resulting from the negligent operation of the automobile owned by him, in which the child's injuries were received, when it was negligently operated by defendant, who was driving with the father's permission.

It is urged upon us by appellant (really the insurance company) that the grandmother cannot maintain the action in the infant's behalf, the child's parents being alive and supporting her in their home. We think this position not maintainable. The sole purpose in having a next friend is to supply the want of capacity in the minor, to afford someone responsible for the costs. He is in no sense a party, "but resembles an attorney, or a guardian ad litem, by whom a suit is brought or defended in behalf of another": *Haines v. Fitzgerald,* 108 Pa. Superior Ct. 290, 165 A. 52. At common law the next friend was appointed by the court; under our practice no appointment is necessary: *Turner v. Patridge,* 3 Pen. & W. 172; *Heft v. McGill,* 3 Pa. 256. At common law any person could serve as the next friend. "This prochein ami may be any person who will undertake the infant's cause": 1 Blackstone 464. "Any person may act as the next friend provided he has no interest in the suit adverse to that of the infant": 2 Chitty's Archbold's Practice, 1133. See also *Heck v. Phila. & Reading Ry. Co.,* 281 Pa. 598, 127 A. 318; *Kite v. Brooks,* 51 Ga. App. 531, 181 S. E. 107; *Guild v. Granston,* 62 Mass. 506. Appellant contends that to follow the common law and permit anyone to serve as next friend would lead to abuse. This is most unlikely. The next friend derives no benefit from serving in that capacity. His actions are always subject to the control and supervision of the court, which has the right in each case to determine whether the litigation is in the infant's best interests.

There was an arbitration of the case under the General Arbitration Act of June 16, 1836, P. L. 715, 5 PS Sec. 1 et seq. The rule of reference was entered by defendant and the arbitrators' finding was in his favor. Plaintiff appealed without paying costs and without entering recognizance for costs to accrue. It is argued that for these reasons the appeal is a nullity and the award should stand as a final judgment for defendant. We conclude otherwise. Under Sec. 31 of the Arbitration Act, 5 PS Sec. 76, the appeal of a minor or person acting in a representative capacity is good without payment of costs or entering a bond if appellant is not the one who took out the rule of reference. Defendant contends that this provision has since been altered by subsequent legislation, in particular the Acts of April 13, 1846, P. L. 303, Sec. 2, 5 PS Sec. 80, and May 3, 1852, P. L. 541, Sec. 1, 5 PS Sec. 79. The purpose and meaning of this subsequent legislation has been fully discussed by Mr. Justice AGNEW in *Murray v. Sharp*, 72 Pa. 360, and will not be repeated here. See also *Pottsville v. Curry*, 32 Pa. 443; *Carpenter v. Hutchison*, 243 Pa. 260, 90 A. 154. Sufficient it is to say that the statutes referred to by defendant were clearly not enacted with any intent on the part of the legislature to destroy the exemption granted by the Act of 1836 to minors.

It is contended there is not sufficient evidence of negligence to warrant recovery. It is not defendant's fault if there is not. As was stated by the trial judge in his opinion, "We have . . . the open coöperation of the defendant in the preparation of the law suit for the plaintiff and a virtual admission of facts on his part, which, if believed, might warrant a verdict against him. The defendant was the principal witness for the plaintiff." Under defendant's testimony the jury could have found these to be the facts: The night the accident occurred it was raining and sleeting. Ice had formed on the road and it was very slippery. During the trip defendant was required to stop and wipe the ice from his

windshield. The car was traveling down grade at a speed of 25 to 30 miles per hour. As the car approached a point in the road where the asphalt joins the concrete with a drop of some four inches, the defendant, to avoid running into the drop at excessive speed, disengaged the clutch and applied the brakes, causing the car to skid a distance of over 150 feet and run into a pole. It was admitted that defendant was familiar with the condition of the road at this point. Under such of our cases as *Griffith v. V. A. Simrell & Son Co.*, 304 Pa. 165, 155 A. 299; *Luderer v. Moore*, 313 Pa. 71, 169 A. 106, this sent the case to the jury.

It is earnestly presented to us that the record shows such a picture of fraud and collusion as to prevent a recovery, and that it would be unconscionable and contrary to public policy to permit the verdict to stand. As pointed out by the court below, facts were presented at the trial of the case which might indicate collusion. Our attention has been drawn in several instances to the alleged purpose, in tort actions, by collusion between plaintiff and defendant, to mulct insurance carriers, a recent instance being *Renschler v. Pizano*, 329 Pa. 249, 198 A. 33. While defendants who thus fraudulently collude will not escape from the judgments against themselves which they aid in bringing about, we purpose that insurance companies, who are the intended victims of such collusion, shall not be penalized thereby. When a claim is asserted against the insurer of the minor plaintiff's father, the court before whom the case is heard, must afford the insurance company the fullest opportunity to establish the collusion and the failure of the insured to follow the course of conduct which the insurance contract required of him.

The last complaint is that the trial judge denied the right to have special findings by the jury. While we do not withdraw anything which we have said in favor of this procedure in such cases as *Abraham Fur Co. v. Cameron*, 295 Pa. 408, 145 A. 578; *Goodall v. Hess*, 315

Pa. 289, 172 A. 693, here the findings asked would not have resulted in simple answers by the jury and for that reason the court did not err in refusing to submit them. We regard the practice of submitting special findings to juries as most advantageous and desirable in promoting just verdicts and believe they should be resorted to whenever they can be. Where they should be, a refusal to submit them may constitute reversible error.

The judgment against defendant is affirmed.