## Sanders, etc., et al. v. Green Spring Dairy, Inc., et al.

*J. Francis Yake, Jr.,* for plaintiffs.

*Swope, Brown & Swope* and *Bulleit & Bulleit,* for defendants.

SHEELY, P. J., March 15, 1947.—Plaintiffs' statement of claim was filed on December 30, 1946, prior to the effective date of the Rules of Civil Procedure Governing Actions at Law. Defendant's motion to strike off the statement of claim was filed January 23, 1947, after the effective date of those rules. The order of the Supreme Court adopting the rules provides that they shall apply to actions pending on the effective

date so that the motion must be disposed of under the new rules.

At the outset it should be noted that the new rules make no provision for a "motion to strike off". Questions formerly raised by this motion, as well as other dilatory pleas, are now to be raised by a "preliminary objection": Pa. R. C. P. 1017: Goodrich-Amram, Actions at Law, Prelim. Surv., p. 111.

The first question raised by defendant, and the one principally argued by him, was that George Sanders, who brought the action on his own behalf and as guardian of his daughters, Elizabeth Sanders and Loretta Sanders, minors, is a nonresident of the Commonwealth of Pennsylvania and is therefore disqualified to act as guardian in this proceeding. It might be a sufficient answer to this contention to say that it is not properly raised by a "motion to strike off". Under section 21 of the Practice Act of May 14, 1915, P. L. 483, motions to strike off were confined to matters of form only and there is nothing in Pa. R. C. P. 1017(b) (2) to extend their use. In Goodrich-Amram 2028(b), footnote 1, it is stated that under the new rules:

"While no provision is expressly made for an attack by a defendant upon the authority of the guardian to represent a minor plaintiff, this question might be raised by a petition by the defendant to remove the guardian. Rule 2033. It should be noted, however, that the lack of authority of the guardian will not bar the action but will only suspend further proceedings until a proper representative is selected. After this is done, the action will continue as though originally brought by an authorized representative."

In order to dispose of the question of the authority of the guardian we will consider the defendant's motion as a petition to remove the guardian.

Because of the legal incapacity of a minor it has always been necessary for him to be represented by

an adult in litigation. As early as 1285 it was provided by statute in England that a minor should prosecute all actions by a next friend. This statute is a part of the common law of Pennsylvania: Goodrich-Amram, sec. 2026-1. At common law the next friend was appointed by the court, but under our practice no appointment was necessary and any person could act as next friend provided he had no interest in the suit adverse to that of the infant: Bertinelli et al. v. Galoni, 331 Pa. 73, 75 (1938). A minor might also be represented by a regularly appointed guardian of his estate or his person, or by a guardian ad litem appointed for that purpose. To overcome certain procedural difficulties, not important in this case, the rules of civil procedure provided that the person representing the minor should be termed a "guardian" regardless of the source of his authority: Pa. R. C. P. 2026. The rules did not, however, abolish the fundamental distinctions between the three types of representatives, or enlarge the powers or responsibilities of any of them.

"While these three types of representatives are all termed 'guardian', the fundamental distinctions between a representative selected by the minor, a guardian ad litem appointed by the court, and the general guardian of the person or estate of the minor must be kept in mind in considering such questions as the control of the 'guardian' over the action and his general relation to the minor's person and estate": Goodrich-Amram, 2027-1.

Under Pa. R. C. P. 2031, a minor plaintiff may select his guardian subject to the power of the court to remove the guardian for cause, in accordance with the rules. Under Pa. R. C. P. 2027, such guardian has the duty of supervising and controlling the conduct of the action in behalf of the minor, but under Pa. R. C. P. 2039, he is prohibited from compromising, settling, or discontinuing the action except with approval of the

court; counsel fees agreed to be paid by him must be approved by the court; and the fund arising from the action must be paid to a guardian of the estate of the minor qualified to receive the fund. The guardian is also liable for the costs of the case: Pa. R. C. P. 2038. The duties of the guardian selected by the minor are exactly similar to those of a next friend under former practice: Turner v. Patridge, 3 P. & W. 172; Bertinelli et al. v. Galoni, 331 Pa. 73, 75 (1938) ; except that his powers are more restricted: Gutekunst, etc., v. Huber, 31 D. & C. 53 (1937).

Since the duties of a guardian acting as a next friend are limited to the control of the conduct of the action, and even then are performed under the supervision of the court, the provisions of section 58(b) of the Fiduciaries Act of June 7, 1917, P. L. 447, would not apply. That act provides that no appointment of a guardian made by any authority out of this State shall authorize the person so appointed to interfere with the estate or control the person of a minor in this State. The right of action of the minor plaintiffs is not a part of their estates. The question of the person to whom any fund arising from the action should be paid is not before us at this time. It follows that nonresidence is not a disqualification in itself to a guardian acting as a next friend.

All of the cases cited by defendant are cases of guardians of the estates of minors or cases of administrators and are not in point. The guardian in this case is the father of the minors who has the same interest in the case as the minors themselves. Nothing would be gained by removing him as guardian and substituting a resident of this State who would probably be a stranger to the minors. In any event, it is difficult to understand the concern of defendant about the person acting for plaintiffs.

The second objection of defendant is that the statement of claim or complaint sets forth evidence in vio-

lation of section 5 of the Practice Act of 1915 and of Pa. R. C. P. 1019. It is a sufficient answer to this contention that Pa. R. C. P. 1019 retains verbatim the language of section 5 of the Practice Act of 1915 but omits that part of section 5 which forbids the pleading of "evidence", "inferences", and "conclusions of law". In Goodrich-Amram, Actions at Law, Prelim. Surv. p. 92, it is stated that this was done because it is often difficult to draw the line between the vague concepts of "fact", "inference", and "conclusions of law". In the main, the paragraphs complained of do not contain "evidence" and to the extent that they do the evidence may be treated as harmless surplusage.

The third objection is that certain paragraphs contain more than one material allegation of fact in violation of section 5 of the Practice Act of 1915 and Pa. R. C. P. 1022. Section 5 provided that each paragraph "shall contain but one material allegation". Pa. R. C. P. 1022 modified this rule by inserting the words "as far as practicable". In Goodrich-Amram, Actions at Law, Prelim. Surv., p. 93, it is pointed out that this was done to remove emphasis on form and that the matter was left to the court with ample room for intelligent and flexible treatment. It is there said: "There should be no occasion for the courts to be troubled with arguments over the form of the pleadings in this regard." Nothing in the form of plaintiffs' pleading in this case could prejudice defendant.

The final objection is that the endorsement on the statement of claim purports to require the filing of an affidavit of defense within 15 days in violation of Pa. R. C. P. 1026. The endorsement on the statement of claim is entirely proper since it complies with section 10 of the Practice Act of 1915, which was in effect when it was filed. In any event, a failure to endorse a pleading under Pa. R. C. P. 1026 and 1361 is not ground for striking off the pleading. The only result of a failure

to endorse is that defendant is relieved of the necessity of filing a responsive answer. See Goodrich-Amram, Actions at Law, Prelim. Surv., p. 106.

And now, March 15, 1947, defendant's motion to strike off the statement of claim is overruled and defendant is directed to file a responsive pleading within 20 days of this date if he so desires.