## Ryan Estate

*Frank I. Ginsburg*, for petitioner.
*Raymond E. Larson*, for guardian.
*Butler, Beatty, Greer & Johnson*, for First National Bank of Delaware County individually.

VAN RODEN, P. J., May 13, 1954.—This proceeding is a petition to require the guardian of a minor's estate to pay the costs of an appeal to the Supreme Court. The petition was filed on March 1, 1954, and a citation issued thereon, returnable March 15, 1954. Although the original petition and citation were directed to the First National Bank of Delaware County, it has been stipulated by counsel that they shall be deemed directed to the First National Bank of Delaware County, guardian of the estate of Mary A. Ryan (minor). A hearing on the petition and citation were held in open court on March 15, 1954. From the statements of counsel made at the hearing and from the admissions in the pleadings, it appears that the facts of the controversey are not in dispute and that the question involved is purely legal in nature.

Petitioner is the widow of decedent and the administratrix of his estate, decedent having died intestate on October 12, 1950. Respondent, First National Bank of Delaware County (successor by merger to the First National Bank of Media), is the guardian of the estate of Mary A. Ryan, decedent's minor daughter by a former marriage, and his only child.

On October 28, 1951, petitioner filed her first and final account as administratrix. The guardian objected to the failure of the administratrix to include in her account the value of a restaurant liquor license held by decedent. By adjudication of this court dated March 5, 1952, it was held that the value of the liquor license was an asset of decedent's estate and should have been included in the account. Exceptions to this adjudication were dismissed by this court on May 29, 1952. Present petitioner took an appeal to the Supreme Court of Pennsylvania, and on October 5, 1953, the appeal was sustained by a majority of that court. See Ryan Estate, 375 Pa. 42 (1953). In its

opinion, the Supreme Court stated that: "The orders and decrees of the orphans' court are reversed, with directions, at the cost of the respective appellees."

On October 21, 1953, petitioner filed her bill of costs with the clerk of the Orphans' Court of Delaware County in the amount of $638.16, representing costs expended by her in the prosecution of the appeal. Thereafter, demand was made on the guardian for payment of same. The guardian refused payment on the ground that at no time did it have any assets in its hands or in its possession as guardian of the estate of the minor from which to pay the same.

As a result of the decision of the Supreme Court upon the aforesaid appeal, it now appears by the subsequent account of the administratrix that decedent's estate is insolvent, and that there will be no balance for distribution unto the minor as one of decedent's heirs at law.

Thus, the issue raised is whether the bank is individually liable for the payment of the costs imposed by the opinion of the Supreme Court in a case where the bank was acting solely in its representative capacity as guardian of a minor's estate, there being no assets in its hands belonging to the ward.

It is well settled that where an executor or administrator prosecutes a claim of the estate in good faith and fails, he is not personally liable to the adverse party for the costs: Callender v. Keystone Mutual Life Insurance Company, 23 Pa. 471 (1854). In other words, an executor or administrator is not liable *personally* for costs, where the estate is not in funds: Murray's Executors v. Sharp, 72 Pa. 360 (1872).

Learned counsel for petitioner recognizes the validity of the above rule as applicable to executors and administrators, but argues that a different rule is applicable to guardians, relying upon the analogy

to the Rules of Civil Procedure wherein the next friend of an infant plaintiff is liable for costs. It is true that Pa. R. C. P. 2038 indicates that a guardian is individually liable for costs directed against a minor plaintiff. But it must be borne in mind that the Rules of Civil Procedure are applicable only to actions in the courts of common pleas and not intended to govern proceedings in the orphans' courts. Furthermore, although the Rules of Civil Procedure designate the representative of a minor litigant as a "guardian", it is evident that such term is merely a substitute for the "next friend" who previously represented a minor in civil litigation. Accordingly, the "guardian" of the present-day civil procedure more nearly resembles a guardian ad litem, rather than the guardian of a minor's estate.

In Turner v. Patridge, 3 Penrose & Watts 172 (1831), it was held that a "prochein-ami" is recognized by the laws of Pennsylvania for certain purposes, but never as having the powers of a trustee or guardian.

In the instant case it must be conceded that the guardian was acting in uberrima fides. In questioning whether the liquor license held by decedent was an asset of his estate, the guardian was being neither capricious nor picayune. The value of the asset was quite substantial, and this court as well as three members of the Supreme Court were of the opinion that it should have been included in the accounting of the administratrix. To impose personal liability on a guardian for an honest mistake in judgment relating to a matter of utmost importance to the ward would merely serve to discourage guardians from the faithful performance of their duties. In the opinion of this court the guardian is to be commended for its assiduous efforts to protect the rights of its ward and should not be penalized for an honest mistake on

a close question of law. We are not oblivious to the fact that the Supreme Court expressly imposed the costs on the appellees. However, it appeared from the state of the record at the time of the appeal that the estate was solvent and that the minor would receive at least some small distribution: 375 Pa. at 56. It is thus apparent that in imposing liability for costs on the appellees, the Supreme Court intended such liability to be satisfied out of the assets of the minor's estate and did not expressly, nor by necessary implication, impose personal liability on the guardian.

This court is unwilling to establish a precedent whereby a guardian of a minor's estate is held personally liable for the costs involved in litigation instituted in good faith and upon reasonable cause for the protection of the minor. Furthermore, we are unwilling to make any holding which might serve as a deterrent to the fullest performance by a fiduciary of its duties to protect and promote the best interests of the ward. We therefore hold that the liability of a guardian of a minor's estate for litigation involving the rights of the minor is limited to the extent of the minor's funds in the hands of the guardian. Where, as here, the minor's estate is not in funds, we hold that there is no personal liability on the guardian for the payment of legal costs from its individual funds.

Accordingly, the court enters the following

*Order*

And now, to wit, May 13, 1954, the above matter having come on to be heard on petition, answer and stipulation of counsel, and written briefs and oral argument having been presented to the court, and after full and careful consideration of the entire matter, it appearing to the court that the First National Bank of Delaware County (successor by merger to the First National Bank of Media), guardian of the

estate of Mary A. Ryan (minor), has not been in possession of any funds belonging to the minor's estate, nor has it any assets in its hands as guardian of the minor's estate, it is hereby ordered, adjudged and decreed as follows:

1. The citation to show cause heretofore issued is hereby dismissed.

2. The petition to require payment of costs by the guardian personally is hereby refused and dismissed.

3. The parties shall bear their respective costs of this proceeding.