## Tyson v. Monko

*W. Richard Gentry*, for plaintiff.

*Gawthrop & Greenwood*, for defendant.

GAWTHROP, P. J., November 13, 1962.—Defendant moved to strike off plaintiff's appeal from an award of a board of arbitrators in favor of defendant on the ground that plaintiff had failed to repay to the County of Chester the fees of the board of arbitrators as required by the provisions of the Act of June 16, 1836, P. L. 715, as amended, 5 PS §71. After argument the matter is before us for determination. The motion must be granted.

The original arbitration Act of 1836, P. L. 715, sec. 27, provided in pertinent part as follows:

"Either party may appeal from an award of arbitrators, to the court in which the cause was pending at the time the rule of reference was entered, under the following rules, regulations and restrictions, viz: . . .

"II. Such party, his agent or attorney, shall pay all

the costs that may have accrued in such suit or action. . . .

"IV. Such appeal shall be entered, and the costs paid, and recognizance filed, within twenty days after the day of the entry of the award of the arbitrators on the docket."

By the Act of 1836, P. L. 715, sec. 31, 5 PS §76, it was provided:

"In all cases in which executors, administrators, or other persons suing or sued in a representative character, or minors, shall be the party appellant from an award, the appeal shall be good, *without payment of costs,* or entering in cognizance, as aforesaid, if such appellant shall not have taken out the rule of reference." (Italics supplied.)

Thereafter by the Act of April 25, 1850, P. L. 569, sec. 12, 5 PS §78, it was provided:

"So much of the first section of the act passed on the twentieth day of March, one thousand eight hundred and forty-five, entitled, 'An act concerning bail and attachments,' as pertains to appeals from the awards of arbitrators, shall from henceforth be construed to extend to all such appeals, whether made by persons natural or artificial."

Finally, the Act of May 3, 1852, P. L. 541, sec. 1, 5 PS §79, provided:

"The twelfth section of the act of the twenty-fifth of April, one thousand eight hundred and fifty, relating to appeals from the award of arbitrators shall not be construed so as to embrace executors, administrators, or other natural persons suing or sued in a representative character."

Thus the provisions of section 31 of the Act of 1836, supra, remained in effect prior to the amendments of 1952 and 1956, infra (Murray's Executors v. Sharp,

72 Pa. 360; Bertinelli v. Galoni, 331 Pa. 73), and are still effective but they do not afford plaintiff an exemption from repayment of arbitrators' fees on appeal, as we shall demonstrate.

(a) Clause V of section 27 of the Act of 1836, P. L. 715, added January 14, 1952, P. L. 2087, as amended by the Act of March 15, 1956, P. L. (1955) 1279, 5 PS §71, provides:

"V. In all cases under section 8.1 hereof, [referring to the compulsory arbitration provisions of the Act of 1836, as amended] any party appealing shall first repay to the county the fees of the members of the board of arbitrators herein provided for, but not exceeding fifty per cent of the amount in controversy. The balance of the arbitrator's [sic] fees shall be absorbed and paid by the county. Such fees shall not be taxed as costs or be recoverable in any proceeding. All appeals shall be de novo."

(b) Section 32 of the Act of 1836, supra, as amended by the Act of January 14, 1952, P. L. (1951) 2087, 5 PS §77, provides:

"The costs to be paid by the appellant, as herein required, may nevertheless, be taxed in the appellant's bill, and recovered of the adverse party, if, in the event of the suit, the appellant is entitled to recover costs, agreeably to the provisions of this act: Provided, That the compensation of the arbitrators repaid to the county by appellant as provided by clause V of section 27 of this act shall not be taxed as costs or recovered from the adverse party."

On filing his appeal this plaintiff did not repay to the county the fees of the members of the board of arbitrators as required by clause V of section 27 of the Arbitration Act of 1836, as last amended, 5 PS §71. He takes the position that the arbitrators' fees are in the nature of costs and that under the provisions of section

31 of the Act of 1836 he is not required to pay them either within 20 days following the award or at any other time in order to perfect his appeal. We cannot accept that view.

By the provisions of the Act of 1836, sec. 8.1, added June 14, 1952, P. L. (1951) 2087, as amended, 5 PS §30, the several courts of common pleas are authorized by rules of court to provide for compulsory arbitration of cases, except those involving title to real estate, where amount in controversy shall be $2,000 or less. Pursuant thereto the Court of Common Pleas of Chester County adopted rules relating to arbitration here applicable. Rule V thereof establishes the amount of fees to be paid to the members of boards of arbitrators, depending upon the amount in controversy in the action, payable upon the filing of their report of award, and further provides: "When the report is filed, the prothonotary shall issue an order for payment of such fees *which shall be immediately paid from County funds as in the case of all other County debts.*" (Italics supplied.)

The question before us, therefore, is whether the arbitrators' fees are "costs". If they are, plaintiff is entitled to the exemption from payment granted under section 31 of the Act of 1836; if they are not, he is required to pay them to perfect his appeal. It is clear to us that they are not costs.

In Smith Case, 381 Pa. 223, the Supreme Court considered the constitutionality of the compulsory arbitration provisions of the act, as amended by the Act of 1952, P. L. (1951) 2087, with particular reference to the requirement that on appeal the arbitrators' fees, initially paid by the county, must be repaid to it by the party appealing to the common pleas. In passing upon that question, the court said at page 231:

"What the petitioner specifically complains of is the

provisions of the 1952 Act that the fees of the arbitrators, *initially paid by the county,* must be repaid to it by the party appealing and shall not be taxed as costs or be recoverable from the adverse party whether or not the appellant be ultimately successful in his appeal. As far as the prohibition of recovery of the fees from the adverse party is concerned, this involves no constitutional violation since the right to recover costs in litigation is purely statutory; it exists only to the extent authorized by legislative enactment (citation), and if, therefore, the right to recover costs may be withheld by the legislature without infringing on the Constitution it would seem that the right to recover the compensation paid the arbitrators, *which is an administrative expense,* may similarly be withheld." (Italics supplied.)

That case clearly distinguishes costs from arbitrators' fees. While the court did not elaborate upon the distinction, comparison of the source and nature of each makes the difference between them obvious. Costs are paid by parties as a statutory expense of the successive procedural steps in litigation and by statute are in most instances recoverable by the successful litigant. Arbitrators' fees are paid by the county from public funds as compensation to the board which, under the compulsory arbitration program, acts in place of a court at the administrative stage of the proceedings. A litigant dissatisfied by an arbitration award provided at public expense may have his case determined on appeal by the court, with or without jury, but only after repayment of the public funds expended in part on his behalf for the arbitration of his case, and in no event may he recover that repayment regardless of the outcome of his appeal.

Accordingly, we hold that the fees paid by the county to the members of a board of arbitrators are not costs within the purview of section 31 of the Act of 1836, as

amended, 5 PS §76, and by his failure to repay the same plaintiff failed to comply with a jurisdictional requirement of the act, as amended, 5 PS §71, for perfecting his appeal. It must, therefore, be dismissed.

And now, November 13, 1962, the motion to strike off plaintiff's appeal from the award of the board of arbitrators is granted and the appeal is dismissed.