Johnson et al., Appellants, *v.* Lake City Borough.

Argued April 15, 1963. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

John A. *Spaeder,* with him *Marsh, Spaeder, Baur, Spaeder & Schaaf,* for appellants.

John M. *McLaughlin,* with him *Knox, Weber, Pearson & McLaughlin,* for appellee.

OPINION BY FLOOD, J., June 12, 1963:

From a finding for the defendant by three lawyer-arbitrators the plaintiffs appealed to the court of common pleas pursuant to §27 of the Arbitration Act of June 16, 1836, P. L. 715, as amended by the Act of March 15, 1956, P. L. 1279, §1, 5 PS §71. The appeal was quashed because of the appellants' failure to pay the defendant's bill of costs. Later the court reinstated the appeal as to the claim of the minor because the appeal of a minor may not be conditioned upon payment of costs. Arbitration Act of June 16, 1836, P. L. 715, §31, 5 PS §76. The parents, in their appeal to this court, contend that (1) the bill of costs contains charges for witnesses whose testimony was known before the trial to be incompetent, irrelevant and immaterial and (2) since the appeal could not be quashed as to the minors it should not have been quashed as to the parents' suit in their own right.

1. The procedure for attacking a bill of costs is governed in Erie County by Rule 701(B) of the Court of Common Pleas of the county. Under this rule a party who fails to file exceptions within four days after the bill is served upon him waives all objections to it. The plaintiffs failed to file exceptions in accordance with the rule and the common pleas court's decision that they have waived any objection to the

bill is conclusive upon appeal in the absence of error of law or irregularities of procedure. *Trimble v. Reserve Township,* 42 Pa. Superior Ct. 593 (1910). "Where, however, the adjudication complained of relates to the number and materiality of the witnesses in attendance, the length of time they were in attendance, the number of miles traveled by them or by the officer or other person serving the subpoena, and similar matters of fact, it is ordinarily conclusive and not reviewable on appeal, for the obvious reason that the evidence upon which it was based is not brought up with the record." *Hartley v. Weideman,* 28 Pa. Superior Ct. 50, 53 (1905).

In this case no record was made of the hearing before the arbitrators. The defendant's counsel, in his affidavit to the bill of costs, said that the witnesses, Mrs. Billings and Mr. Tome, were material and necessary. The plaintiffs, in their motion to strike the bill of costs, averred that although these two witnesses were present, neither of them testified because the arbitrators ruled that the testimony proposed to be offered through them was incompetent, irrelevant and immaterial. The defendant in its answer to the motion replied that the witnesses were summoned "in anticipation of . . . Ruth L. Johnson [the mother-plaintiff] testifying at the hearing", that they were prepared to testify that Mrs. Johnson had attempted to suborn perjury in regard to testimony to be offered in the lawsuit, that the defendant's counsel communicated his intention to the plaintiffs' counsel before the hearing and that he also communicated it to the arbitrators out of the hearing of any parties or witnesses, that plaintiffs' counsel did not put Mrs. Johnson on the stand and there was therefore no basis for impeaching her credibility by these witnesses.

The plaintiffs in their brief further state that Mrs. Billings' testimony was to be that the so-called per-

jurious testimony was to be given in support of Mrs. Johnson's claim for loss of earnings and that the complaint makes no such claim, and no such claim could be made at the hearing because more than two years had elapsed from the date of the accident, and that the testimony of the witness Tome, Lake City Police Chief, was hearsay to the effect Mrs. Billings had told him that Mrs. Johnson asked her to testify to her loss of business income. The defendant in its brief stated that the arbitrators nevertheless held that Mrs. Billings' testimony would be admissible on the question of Mrs. Johnson's credibility if she had testified at all in the case, and the arbitrators at no time dismissed her or Mr. Tome from further attendance at the hearing.

Many factual issues are raised by these allegations and statements. The questions of law which must be determined will be those which emerge upon the determination of the factual questions. These are questions which, in the absence of a record of the testimony, must be determined by the court below.

We see no ground for overriding the determination of the court below in this case. "Whether the presence of these witnesses in the court was necessary is a matter that rests primarily on the judgment of the attorneys who had the responsibility of representing the interests of defendant . . ." At an early date, the Supreme Court in *De Benneville v. De Benneville,* 3 Yeates 558 (1803), said: "A party must come armed at all points. He cannot know what matters will be conceded by his adversary, nor what all his witnesses will testify. The necessity of calling a witness is often superceded by what passes in court, of which it is impossible to form any judgment before hand." We agree with the court that "manifest oppression must be shown to justify the interposition of the court, and they will readily interfere in such instances. But a design to oppress will never be presumed."

"[T]he taxation of costs particularly where the error alleged relates to the number of witnesses, the length of time they were in attendance, and the materiality of their testimony is committed to the discretion of the court below, and its discretion will not be reviewed on appeal in the absence of flagrant circumstances or of an error of law in the taxation." *Fife v. The Great A. & P. Tea Co.*, 169 Pa. Superior Ct. 110, 116, 82 A. 2d 271, (1951).

This case illustrates the propriety of the four day period allowed by the court rule for filing exceptions to a bill of costs. The very fact that there is no record of the determinative events justifies the short period prescribed by the Erie court rule for filing the bill of costs and the exceptions. In this way any disputed facts may be determined while memories are still fresh. Even if Pa. R. C. P. 248 applies to Common Pleas Rules as the appellant contends, in the absence of agreement the extension of time for filing exceptions is within the discretion of the court below.

2. There is no merit in the position that the action of the parent plaintiffs in their own right may be appealed to the common pleas court without payment of costs required by §27 of the Act of 1836, supra, as amended, 5 PS §71, merely because the case of their minor child, in which they act as parents, natural guardians and next friends, may be appealed without payment of costs. The limitation upon their right to appeal under the Arbitration Act is clear upon this point. All the cases which they cite involve fiduciaries who, like minors, are exempt from the payment of costs under §31 of the Arbitration Act, supra, 5 PS §76. In *Bertinelli v. Galoni*, 331 Pa. 73, 200 A. 58 (1938), the grandmother and next friend was allowed to appeal without payment of costs only in her representative capacity. In *Murray v. Sharp*, 72 Pa. 360 (1873), the plaintiffs were entitled to appeal as execu-

tors without payment of costs. These cases furnish no precedent for allowing the parents to appeal in their own right without payment of costs.

The judgment is affirmed.